## MAYOR AND COUNCIL OF ROME *vs.* CABOT.

Under a power conferred by the Legislature upon a municipal corpo-
ration, to make all contracts in their corporate capacity, which they
may deem necessary for the welfare of the city, and which do not
conflict with the constitution and laws of the Federal or State
governments, they have the right to make a contract for the con-
struction of water-works.

In Equity, from Floyd county. Decision by Judge
HAMMOND, at chambers.

This was a bill filed by F. M. Cabot, John H. Towers,
and Cunningham M. Pennington, for and in behalf of
themselves, and others, citizens of the city of Rome, and
owners of real estate and tax-payers in said city, against
the Mayor and Council of the said city, and Noble, Bro-
thers & Co., to enjoin and restrain said Mayor and Council
from consummating a contract with said Noble, Brothers
& Co., for the erection of water-works in the said city;
or if said contract has been made, then, to annul and
rescind the same, and to enjoin said Mayor and Council
from issuing the bonds of said city for and in payment of
said water-works.

The bill states that said city is situated in the fork of
two large rivers, and is well supplied with water, and
that there is no necessity for the erection of said water-
works; and charges that said Council have let out said
contract and are erecting said water-works, from sinister
and corrupt motives, one of their number being the con-
tractor for the construction of said works. That it will
involve a heavy outlay and devolve upon said city a heavy
debt, to be paid by taxes to be imposed upon the property
of complainants; and that said Mayor and Council have
no authority under the charter of said city, and the laws

of the State, to incur said indebtedness, or to impose the taxes necessary to its payment.

The injunction was granted agreeably to the prayer of the bill.

Defendants, the Mayor and Council of the city of Rome, answered the bill, denying any improper, corrupt or fraudulent purpose in the effort to construct said water-works. That the question was submitted to a vote of the citizens and tax-payers of said city, and a majority were in favor of having said works constructed. That there is a great necessity for the erection of water-works in said city. They submit the question of their power and authority to the judgment of the court, and move that the injunction be dissolved, on the grounds,

1st. Because there is no equity in complainants' bill, and said injunction should never have been granted.

2d. Because, if there was any equity in said bill, the same has been fully denied and sworn off by the answer.

The Chancellor overruled the motion to dissolve the injunction, and defendants excepted.

D. S. PRINTUP, and T. W. ALEXANDER, for plaintiff in error.

SHROPSHIRE, and UNDERWOOD, contra.

By the Court.—LUMPKIN, J., delivering the opinion.

Ought the injunction in this case to have been dissolved?

The answer fully denies all the special equity set up in the bill, and the only question left to be decided is—did the Mayor and Council have authority to make the contract to construct water-works for the benefit of the city? We do not doubt it.

By the §13 of the charter, the Mayor and members of the Council, have special power to make all contracts in their corporate capacity which they may deem necessary

for the welfare of the city, which do not conflict with the constitution and laws of Georgia and the United States, "reference to which alone shall be had in the adjudications to be made upon this act,"—"and to levy a tax for the fulfillment of the same." Surely this grant is broad enough to cover this contract.

It is not shown or pretended, that a contract to construct water-works, so necessary to the health and security of the city, contravenes, either the constitution of the State, or of the Federal Government, or the laws thereof.

Judgment reversed.