BOARD OF EDUCATION OF CITY OF PIERRE v. McLEAN.

(Circuit Court of Appeals, Eighth Circuit. February 25, 1901.)

No. 1,432.

1. PARTICULAR RECITAL LIMITS FOLLOWING GENERAL TERMS.

Where general words follow a particular recital, the former are qualified and limited by the specific recital.

2. "GENERAL IMPROVEMENTS," FOLLOWING "THE PURCHASING OF SCHOOL-HOUSE SITES, THE ERECTION OF SCHOOL BUILDINGS, AND," IS LIMITED THERETO.

Where a legislative act authorizes the issue of bonds for the purchasing of school-house sites, and the erection of school buildings, a recital therein that the bonds are issued "for the purchasing of school-house sites, the erection of school buildings, and general improvements," is no notice to a purchaser that they were issued for any other purpose than the purchasing of the sites and the erection of the buildings, but the term "general improvements" is qualified and restricted to the preceding particular recital of the purpose of the issue.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of South Dakota.

John A. Holmes (Ivan W. Goodner, on the brief), for plaintiff in error.

Robert W. Stewart (Henry R. Horner, on the brief), for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and ADAMS, District Judge.

SANBORN, Circuit Judge. The plaintiff in error, the board of education of the city of Pierre, brings this writ to reverse a judgment against it in favor of the defendant in error, Hector McLean, upon certain coupons cut from bonds issued by it in the year 1890. The act of the legislature under which these bonds were issued authorized this board of education to borrow money and issue bonds in order to raise sufficient funds "for the purchase of a school site or sites or to erect a suitable building or buildings thereon." The defense to the coupons is that these bonds were issued and their proceeds were used to aid in the construction of a railway. The reply to this defense is that the defendant in error is a bona fide purchaser of the bonds, without notice of any defense to them, and that he bought them in reliance upon the following recital, which each of the bonds contains:

"This bond is one of a series of like tenor and date, aggregating the sum of fifty thousand dollars ($50,000), issued for the purpose of providing funds for the purchasing of school-house sites, the erection of school buildings, and general improvements, under authority of the General Statutes of the State of South Dakota, and a resolution of the board of education of the city of Pierre dated August 21st, 1890, and in pursuance of a vote of the qualified electors of said city at a special election held on the 13th day of September, 1890; this issue of bonds having been favored by a majority of the legal voters at such election. And it is hereby certified and recited that all acts, conditions, and things required to be done precedent to and in the issuing of this series of bonds have duly happened and been performed in regular and due form as required by law, and that the total indebtedness of the said board of education does not exceed the constitutional and statutory limitations upon indebtedness."

A recital of a compliance with the authorizing act by the officers of a municipality or quasi municipality in a bond which they issue estops the municipal body from denying every fact connected with or growing out of the discharge of the ordinary duties of such officers which under the law they were required to ascertain before they issued the bonds, after the securities pass into the hands of bona fide purchasers. Hughes Co. v. Livingston, 43 C. C. A. 541, 104 Fed. 306, 311, 313, 315–318, and the cases cited on those pages. If the laws are such that there might, under any state of facts or circumstances, be legal authority in the municipality or quasi municipality to issue its bonds, it may by recitals therein estop itself from denying that those facts or circumstances existed, and that it had lawful power to send them forth, unless the constitution or act under which the bonds are issued prescribes some public record as the test of the existence of some of those facts or circumstances. Hughes Co. v. Livingston, 104 Fed. 311, 43 C. C. A. 541, and cases there cited.

These propositions are not disputed by counsel for the plaintiff in error, but their contention is that, since the board of education had no power to issue these bonds for general improvements, the recital in the bond that they were issued "for the purpose of providing funds for the purchasing of school-house sites, the erection of school buildings, and general improvements," constituted notice to every purchaser that they might have been issued for an unlawful purpose. It may be that, if these bonds had contained a recital that they

were issued for the purpose of raising funds for general improvements, that recital would have constituted no estoppel against an attack upon their validity by the board, because there was certainly no power vested in that body to issue the bonds for that purpose. But the term "general improvements" is a general term, embracing within the limits of its meaning school sites, school buildings, railroads, streets, houses, and other improvements, which it would be difficult to fully enumerate. Used by itself, it embraces all these improvements. But in the case before us it is used as an explanatory or enlarging term after the use of the specific purpose "for the purchasing of school-house sites and the erection of school buildings." It is a general rule of law that while general terms, when used by themselves, must have their ordinary significance, yet, when there is a particular recital followed by general words, the latter are qualified by the particular recital. Thus, in Railway Co. v. Artist, 60 Fed. 365, 367, 9 C. C. A. 14, 16, 19 U. S. App. 612, 616, 23 L. R. A. 581, it was held that a release of damages resulting from a particular injury and of all other claims and demands was restricted by this rule of law to the damages for the injury specified. To the same effect are Jackson v. Stackhouse, 1 Cow. 122, 126; Littlefield v. Winslow, 19 Me. 394; and Grumley v. Webb, 44 Mo. 444, 458. There are many "general improvements" which constitute a part of the erection of a modern school house which would naturally suggest themselves to an intending purchaser of these bonds when he read that term in their recital, such as slates and blackboards built into its walls, fencing, grading, water pipes, closets, and heating apparatus. Chamberlain v. Board, 58 N. J. Law, 347, 353, 33 Atl. 923. For the erection of general improvements of this character the board had authority, under the law, to issue these bonds. When they were issued the legal presumption was that the officers of the board were acting according to the law, and were faithfully discharging their duties. A purchaser had a right to rely upon this presumption, and to conclude from the recital that the general improvements referred to therein were those only which constituted a part of the erection of the school building,—those only for which the board had the lawful power to send forth its bonds. The term, in its relation to the preceding statement of the purpose of the issue, was no notice of any violation of duty or disregard of the law by the officers who represented the quasi municipality; and it neither suggested suspicion of, nor called for inquiry concerning, any such derelictions. A purchaser is never required to presume that the officers of a state or municipality are violating the law.

Moreover, this term "general improvements," in its place in the recital in these bonds, was limited in its meaning to the purchasing of school sites and the erection of school buildings, because noscitur a sociis (Bristor v. Smith, 158 N. Y. 157, 53 N. E. 42); because, where there is a particular recital followed by general words, the latter are qualified by and restricted to the particular recital; and because the entire recital must be read and construed together as one declaration, and when so read it is found to declare that these bonds were

issued under the authority of the General Statutes of the State of South Dakota, and they could not have been so issued unless they were issued for the purchasing of school-house sites and the erection of school buildings; that all acts, conditions, and things required to be done in the issuing of this series of bonds had happened and been performed; and this statement could not have been true unless the issue of the bonds had been authorized by vote of the people and act of the board for the purpose of purchasing the school sites and erecting the school buildings. For these reasons a true construction of the recital in the bonds completely estops the board of education from defeating them upon the grounds stated in its answer.

Nor will the authorities cited by counsel for the plaintiff in error, when carefully examined, be found to sustain any other proposition. The decision in City of Santa Cruz v. Waite, 98 Fed. 387, 39 C. C. A. 106, does not rule the question here at issue, and is itself contrary to the decisions of the supreme court of the United States and of this court. The cases of Miller v. Irrigation Dist. (C. C.) 92 Fed. 263; Chamberlain v. Board, 58 N. J. Law, 347, 33 Atl. 923; and Grace v. Mayor, etc., 101 Ga. 553, 28 S. E. 1021,—do not involve the rights of a bona fide purchaser or the estoppel of recitals. The judgment below is affirmed.