Argued Nov. 11, decided Dec. 6, 1910, rehearing denied Jan. 31, 1911.

## CITY OF JOSEPH *v.* JOSEPH WATER WORKS CO.

[111 Pac. 864; 112 Pac. 1083.]

MUNICIPAL CORPORATIONS — PUBLIC SUPPLY — FRANCHISE — POWER OF
    MUNICIPALITY.
1. Even in the absence of statutory power,. a municipality, as an inci-
dent to its organization, has the right to give a franchise for the purpose
of supplying itself with water.

MUNICIPAL CORPORATIONS — FRANCHISE — POWER TO GRANT — WATER-
    WORKS.
2. Under the express provisions of Section 2711, B. & C. Comp., part of
the statute providing for the organization of cities passed in 1893 (Laws
1893, p. 119), a city may grant a franchise to a water company to supply
the town, and Section 2692 makes the provision apply to charters previ-
ously granted.

MUNICIPAL CORPORATIONS—PUBLIC "DEBT"—STATUTORY LIMITATION OF
    INDEBTEDNESS.
3. A municipality may legally contract for the future supply of water
at an annual rental, though the aggregate of the rentals will exceed the
statutory limitation of indebtedness, being a contract for future indebted-
ness to be incurred, provided the contracting party perform the agreement
out of which the debt may arise, not being a "debt" within the meaning of
the limitation.

MUNICIPAL CORPORATIONS—USE OF PUBLIC PLACE—FRANCHISE—DURA-
    TION OF GRANT.
4. A municipality has no authority to grant a perpetual utility fran-
chise.

WATERS AND WATER COURSES — USE OF PUBLIC PLACE — FRANCHISE—
CONSTRUCTION.

5. Where a municipality granted a water company in one section of its
franchise unlimited rights to lay pipes, etc., and in another section limited
this right to 15 years, the limitation will be upheld, for a municipality has
not a right to grant a perpetual utility franchise and will not be presumed
to have intended to do so, and another construction would render the latter
section meaningless.

MUNICIPAL CORPORATIONS—USE OF PUBLIC PLACE—FRANCHISE—RULES
OF CONSTRUCTION.

6. Where the terms of a franchise are doubtful, they should be con-
strued most strongly against the grantee; what is not unequivocally
granted being withheld, and nothing passing by implication save what is
necessary to effect the obvious intent of the grant.

From Wallowa:   JOHN W. KNOWLES, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

The town of Joseph, afterward reincorporated as the
"City of Joseph," was incorporated by act of legislature
in the year 1887 (Sp. Laws 1887, p. 181), and on March
23, 1894, the city of Joseph adopted an ordinance grant-
ing to defendant, a private corporation, the right of way
through the streets of the town to lay water mains; sec-
tion 1 thereof providing:

"That the Joseph Waterworks Company and its suc-
cessors and assigns are hereby granted the exclusive right
and privilege to lay water mains and all necessary service
pipes in all streets and alleys of said town of Joseph,
necessary to supply said town and its inhabitants with
water."

Section 4 thereof provides:

"And further to encourage the enterprise of said water
system of the said town of Joseph, we, the common coun-
cil, do hereby agree to grant the exclusive right to said
company for a term of fifteen years commencing January
1, 1894."

The ordinance contains other provisions as to the time
and manner of construction for city hydrants, water
rates, etc.   The defendant company constructed the water
system and has continuously operated the same ever since
and, on April 12, 1910, was proceeding to extend its water

mains in streets not before supplied with water, whereupon plaintiff commenced this suit to enjoin it from so doing. A preliminary injunction was granted by the judge of the circuit court. Defendant answered the complaint, admitting that it is extending its water mains, as alleged, and pleading the ordinance above referred to and the construction of the water plant, at great expense, viz., $10,000, bu authority thereof; and that the acts complained of are authorized thereby. As a second defense it alleges the same facts, and, further, that the plaintiff threatens to interfere with and stop defendant from extending its water system and to prevent it from furnishing water to the city or its inhabitants, and threatens to construct, install, and operate, at the expense of the taxpayers, a plant to supply the city and its inhabitants with water, and thereby render valueless the plant of defendant, in violation of its agreement. Plaintiff demurred to the new matter of the answer, which demurrer was overruled and decree rendered thereon dissolving the injunction and dismissing the suit, from which decree plaintiff appeals.    Reversed.

.For appellant there was a brief and an oral argument by *Mr. Daniel W. Sheahan.*

For respondent there was a brief over the names of *Mr. Thomas H. Crawford* and *Mr. John P. Rusk.*

Mr. Justice Eakin delivered the opinion of the court.

1. It is first contended by plaintiff that the city had no power or authority to grant the franchise for the reason that a municipality can only exercise such powers as are either expressly granted or are necessarily implied by its charter. This may be conceded, but one of those powers, necessarily implied by the general welfare clauses of the charter, is to supply the city with water. The authorities are quite uniform to this effect. 30 Am. & Eng.

Enc. Law (2 ed.) 406; 20 Am. & Eng. Enc. Law (2 ed.) 1147; 28 Cyc. 636, 950; *City of Indianapolis* v. *Indianapolis Gaslight & Coke Co.*, 66 Ind. 396; *Mayor and Council of Rome* v. *Cabot*, 28 Ga. 50; *Brenham* v. *Water Co.*, 67 Tex. 542 (4 S. W. 143).

2. However, if there were any doubt upon that question, it is put at rest by Section 2711, B. & C. Comp., being a part of the statute providing for the organization of cities and towns, enacted in 1893 (Laws 1893, p. 119), which expressly grants such power, and Section 2692, B. & C. Comp., makes the provisions of the act applicable to charters theretofore granted: *Warren* v. *Crosby*, 24 Or. 558 (34 Pac. 661).

3. Neither is there merit in the contention that the contract created an indebtedness in excess of the charter limitation. A municipal corporation may contract for a future supply of water necessary for the city's needs and stipulate for the payment of an annual rental, as the water is furnished, notwithstanding the aggregate of such payments, during the life of the contract, may exceed the amount limited by the charter. "There is a distinction between a debt and a contract for a future indebtedness to be incurred, provided the contracting party perform the agreement out of which the debt may arise." *Walla Walla City* v. *Walla Walla Water Co.*, 172 U. S. 1, 20 (19 Sup. Ct. 77, 85: 43 L. Ed. 341). In such a case the indebtedness is not created until the consideration has been furnished.

4. It is further contended by plaintiff that the municipality cannot grant an exclusive franchise without special authority from the legislature. This is conceded by defendant, it contending only that the franchise is perpetual, while plaintiff insists that section 4 of the ordinance limits its duration to 15 years, and this is the principal ground of contention between them. A municipality cannot, at least without statutory authority, grant a per-

petual utility franchise. It is said in *Cedar Rapids Water Co.* v. *Cedar Rapids,* 118 Iowa 234, 241 (91 N. W. 1081, 1084), that "grants or franchises in perpetuity or for unreasonably long periods of time are generally regarded as against public policy, and, if ever valid, the authority therefor must be found in the constitution or statutes of the state." See, also, 28 Cyc. 655, 875; Cooley's Const. L. (6.ed.) 251; *Citizens' St. Ry. Co.* v. *Detroit Railway,* 171 U. S. 48 (18 Sup. Ct. 732: 43 L. Ed. 67) ; *Brenham* v. *Water Co.,* 67 Tex. 542 (4 S. W. 143) ; *Illinois Trust & Savings Bank* v. *Arkansas City Water Co.* (C. C.) 67 Fed. 196; *Logansport Ry. Co.* v. *City of Logansport* (C. C.) 114 Fed. 688. It is said in *Birmingham & Pratt Mines St. Ry. Co.* v. *Birmingham St. Ry. Co.,* 79 Ala. 472 (58 Am. Rep. 615) :

"Judge Cooley adopts the view that a municipal corporation cannot, 'without explicit legislative consent,' permit the construction of a street railway in its streets, and confer on the projectors 'privileges exclusive in their character, and designed to be perpetual in duration.' * * No reason is perceived why this principle is not entirely sound, and in strict conformity to every rule pertaining to the true functions of municipal corporations. * * They have no implied power to barter away today, as a monopoly to one, that which, the public necessities of a growing city may require to be reserved, in order that it may be exercised for the public benefit on tomorrow."

See, also, note to *Huron Waterworks Co.* v. *City of Huron* (S. D.) 12 Am. R. R. & Corp. Rep. 398; *Westminster Water Co.* v. *Westminster* (Md.) 64 L. R. A. 630.

5. Thus we see that the town was powerless to grant a perpetual franchise, and it cannot be presumed that it intended to do so. On the contrary, it seems, from the terms of the ordinance, that it considered that the right granted by section 1 of the ordinance might be terminated by the town at any time; hence the provision of section 4, fixing the time of its duration at 15 years. The

effect of the limitation contained in section 4 is the same as if it had been inserted in section 1, viz., granting the exclusive right and franchise for the term of 15 years. It limits to that term whatever right or franchise is granted by section 1; otherwise section 4 is meaningless.

6. It is a rule of construction that, if the terms of the franchise are doubtful, they are to be construed strictly against the grantee and liberally in favor of the public. What is not unequivocally granted is withheld, and nothing passes by implication, except what is necessary to carry into effect the obvious intent of the grant.    19 Cyc. 1559; Joyce, Franchise, § 23; *Water, Light & Gas Co.* v. *Hutchinson,* 207 U. S. 385 (28 Sup. Ct. 135: 52 L. Ed. 257) ; *Birmingham Pratt Mines St. Ry. Co.* v. *Birmingham St. Ry. Co.,* 79 Ala. 465 (58 Am. Rep. 615).

The Dartmouth College case (4 Wheat. 518: 4 L. Ed. 629), cited by defendant, is not in point for the reason that it relates to a franchise created by sovereign power. And we hold that section 4 fixes the duration of the franchise at fifteen years. If, as defendant contends, the duration of the franchise in terms is perpetual, then, as we have seen, it is void, and is no protection to defendant for the acts complained of here.   This was expressly held in *Westminster Water Co.* v. *Westminster,* 98 Md. 551 (56 Atl. 990: 64 L. R. A. 630: 103 Am. St. Rep. 424), where the contract was unlimited as to time. The court held that it was a contract in perpetuity, and therefore void; and that the court cannot make a new contract between the parties for a limited period: *Cedar Rapids Water Co.* v. *Cedar Rapids,* 118 Iowa 241 (91 N. W. 1081) ; *Logansport Ry. Co.* v. *City of Logansport* (C. C.) 114 Fed. 688. A contract which is beyond the power of the city to make is void: *State ex rel.* v. *Minnesota T. Ry. Co.,* 80 Minn. 108 (83 N. W. 32: 50 L. R. A. 656) ; *Flynn* v. *Little Falls Electric & Water Co.,* 74 Minn. 180 (77 N. W. 38: 78

N. W. 106) ; *Milhau* v. *Sharp*, 27 N. Y. 611 (84 Am. Dec. 314).

The only relief sought by this suit is to enjoin defendant from extending its water mains upon streets and alleys not before occupied by it, and the defense set up by defendant does not establish that it has authority to do so. The demurrer to the answer should have been sustained, and the preliminary injunction made perpetual.

The decree is reversed, and a perpetual injunction will be entered here.                                    REVERSED.

---

Decided January 31, 1911.

## On Petition for Rehearing.

[112 Pac. 1083.]

Opinion by Mr. Chief Justice Eakin.

By the petition defendant urges that section 4 of the ordinance does not limit the duration of the franchise; but, after a further consideration, we are confirmed in our first decision.

We do not hold that section 1 of the ordinance, standing alone, would create a perpetual franchise; but the answer so treats it, and seeks to enjoin the city from installing a municipal plant. However that question is immaterial here.

It is urged that the purpose of the suit is to secure a decree adjudging that defendant is not entitled to any rights in any of the streets of the city, and not alone to prevent it from extending its mains into streets not before occupied, as held in the opinion; but the answer expressly alleges that defendant is extending its water mains and service pipes and making the necessary excavations therefor, and that these acts are the alleged wrongful acts complained of in the complaint.

We have not considered, nor attempted to decide, what defendant's status may be after the expiration of the franchise, as that question is not presented by the issues nor discussed in the briefs, and is a matter for future determination. The denials are limited by the allegations of the answer, which, in effect, admit the facts entitling plaintiff to the reilef here granted, and the decree is properly entered.

The motion is denied.

REVERSED: REHEARING DENIED.