## CITY OF SWAINSBORO *v.* COLEMAN *et al.*

The City of Swainsboro is limited by its charter to the issuing of bonds for the purpose of purchasing land upon which to erect schoolhouses, and for building and furnishing the same, and for the establishment of an electric-lighting plant and a waterworks system, to an amount not exceeding in the aggregate the sum of $20,000.

APRIL 9, 1912.

Validation of bonds. Before Judge Rawlings. Emanuel superior court. June 22, 1911.

*Saffold & Larsen* and *Hines & Jordan,* for plaintiff.

*Alfred Herrington,* solicitor-general, *R. L. Gamble,* and *Smith & Kirkland,* for defendants.

FISH, C. J. The solicitor-general of the Middle Circuit having been notified, in accordance with the statute, that an election had been held in the City of Swainsboro on April 17, 1911, to determine whether there should be an issuance of bonds in the sum of

$40,000, the proceeds of which should be applied to the erection of electric lights and waterworks in and for the city, and that the election was in favor of the issuance of such bonds, filed, in the office of the clerk of the superior court of the county in which the election was held and such city situated, a petition in the name of the State and against the City of Swainsboro, directed to the superior court of such county, and obtained an order from the judge of such court requiring the municipality to show cause at a given time and place, in accordance with the statute, why the bonds should not be confirmed and validated. When the hearing came on, J. C. Coleman and other resident citizens and taxpayers of the city were allowed to intervene and file their objections, on various grounds, to the validation of the bonds. After the submission of evidence, the judge of the superior court upon the hearing rendered a judgment against the issuance of the bonds, and refusing to validate the same. The City of Swainsboro thereupon sued out a bill of exceptions, in which, among other assignments of error, was one excepting to the judgment of the judge refusing to confirm the issuance of, and to validate the bonds. One of the objections set forth by the intervenors was that the charter of the City of Swainsboro limits the power of the city to issue bonds to the aggregate sum of $20,000, for the building of schoolhouses, furnishing the same, and for the purpose of purchasing ground whereon to build schoolhouses, and also for the purpose of establishing electric lights and waterworks. The 28th section of the charter of the city (Acts 1900, p. 435) is as follows: "Be it further enacted, that, within six months after the passage of this act, the city council may order an election to be held in said City of Swainsboro on the question of issuing bonds of said city for public improvement, and especially for the purpose of building suitable houses and providing furniture and apparatus for the public school in said city, as well as the ground whereon to build said houses; also electric lights and waterworks, in the discretion of the city council; that thirty days' notice of such election shall be given in the newspaper published in said city, and the same shall be held as all elections are held for said city; that all persons entitled to vote for city council of said city shall be entitled to vote in said election; that ballots cast at such election shall have thereon 'For bonds' or the words 'Against bonds,' and that the returns of said election shall be returned to the city council of said city, who shall, in the presence of and to-

gether with the managers of such election, consolidate and declare the result of the same; that if two thirds of the qualified voters of said city voting at said election shall have voted 'for bonds,' then the city council of said city shall be and they are hereby authorized and empowered to issue bonds of said city not exceeding in the aggregate the sum of twenty thousand dollars, of such denomination as the city council shall determine, to be due and payable at any time in thirty years after issue, as the said city council shall determine; and said bonds shall bear interest not to exceed six per cent. per annum, which interest shall be paid annually; that said bonds shall be signed by the mayor of said city and countersigned by the mayor and council, and shall be negotiated in such a way and manner as said city council shall determine to be for the best interest of said City of Swainsboro." Section 29 of the charter is as follows: "Be it further enacted, that the funds arising from the sale of such bonds will be placed on deposit in a bank selected by the city council, to be used by a board of school commissioners to be appointed by the city council of the City of Swainsboro, to be used by said board of school commissioners for buying suitable lands, building a suitable school building for the public school of said city, and for providing furniture and apparatus for the same, as they shall deem best for the interest of said school." No objection to the issuance and validation of the bonds in question was made on the ground that under the charter of the city an election for the issuance of bonds for public improvement had to be held within six months after the adoption of the charter, although such point was made in the brief of counsel for the intervenors, who are defendants in error. We are not called upon, therefore, to pass on that question. In our opinion the objection was well taken that the power of the City of Swainsboro to issue bonds for the building of schoolhouses, etc., and the establishment of electric-lighting plants and waterworks, was limited for the aggregate of such bonds to the sum of $20,000, and that therefore the trial judge properly refused to confirm the issuance of and the validation of bonds for the sum of $40,000 for the establishment of an electric-lighting plant and waterworks for the city. While the language of section 28 is somewhat involved, we are of the opinion that a proper construction of it is, that if, in the discretion of the city council, an election should be held in accordance with the charter on the question of the issuance of bonds for "electric lights and waterworks," the sum of such

bonds as might be issued both for the purchase of ground for school-houses and the building and furnishing of the same, and for "electric lights and waterworks," should not exceed "in the aggregate the sum of twenty thousand dollars." Whatever may have been the power of the city in the absence of such limitation in its charter as to the issuance of bonds within the constitutional limitation, there can be no question as to the binding force of the charter limiting the authority of the city as to the issuance of bonds to the sum of $20,000. *Grace* v. *Hawkinsville,* 101 *Ga.* 553 (28 S. E. 1021); *Farmer* v. *Thomson,* 133 *Ga.* 94, 99 (65 S. E. 180). It is contended in behalf of the city that the language of § 29 clearly indicates that § 28, authorizing and empowering the city "to issue bonds . . not exceeding in the aggregate the sum of twenty thousand dollars," refers only to the aggregate sum of bonds to be issued for the purpose of purchasing land upon which to build schoolhouses and for building and furnishing the same. We do not concede the soundness of this contention. In our opinion § 29 should be construed as referring alone to the funds arising from the sale of bonds for the purpose of purchasing land and building and furnishing schoolhouses placed thereon. If an election had been held and carried for the issuance of bonds for such school purposes and for the erection of an electric-lighting plant and a waterworks system, then under the provisions of § 29 the funds arising from the sale of the bonds issued for school purposes would be disposed of as provided in section 29, and the proceeds of the sales of the bonds issued respectively for the other purposes named would be used for the carrying out of those purposes. The language used in § 28, viz., "also electric lights and waterworks, in the discretion of the city council," followed by the language, "that if two thirds of the qualified voters of said city voting at said election shall have voted 'for bonds,' then the city council of said city shall be and they are hereby authorized and empowered to issue bonds of said city not exceeding in the aggregate the sum of $20,000," has induced us to conclude that it was the intention of the legislature in granting the charter to the City of Swainsboro to limit its power in the issuance of bonds for school purposes and for electric lights and waterworks to the sum of $20,000. Having reached this conclusion, it is unnecessary to pass upon other questions made in the record.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*