ASHLAND ELECTRIC POWER & LIGHT CO. v. CITY OF ASHLAND et al.

(District Court, D. Oregon. October 5, 1914.)

No. 6137.

1. CONSTITUTIONAL LAW (§ 278*)—COURTS (§ 282*)—DUE PROCESS OF LAW—JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION.

An attempt by a city to summarily oust an electric company, which has acquired, by irrevocable grant or contract, the right to maintain its poles and wires in the streets, is an attempt to deprive it of its property without due process of law, in violation of Const. U. S. Amend. 14, and a federal court has jurisdiction of a suit to enjoin such action.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 763, 765, 767–770, 772–777, 779–806, 808–810, 816–824, 907–924, 942; Dec. Dig. § 278;* Courts, Cent. Dig. §§ 820–824; Dec. Dig. § 282.*]

2. ELECTRICITY (§ 4*)—ELECTRIC COMPANIES—FRANCHISE—DURATION.

Under the doctrine of the federal courts, a grant by ordinance to an electric company of the right to occupy the streets of a city with its poles and wires for the conduct of its business is a grant of a property right in perpetuity, unless limited in duration by the grant itself, or as a consequence of some limitation imposed by the general law of the state, or by the corporate powers of the city making the grant.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 1; Dec. Dig. § 4.*]

3. MUNICIPAL CORPORATIONS (§ 76*)—CONTRACTS—LEGISLATIVE RATIFICATION.

A state Legislature may ratify any act of a municipality which it might have originally authorized.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 181, 687; Dec. Dig. § 76.*]

In Equity. Suit by the Ashland Electric Power & Light Company against the City of Ashland and O. H. Johnson, Mayor, C. H. Gillette, Recorder, and C. L. Cunningham, T. L. Ashcraft, L. L. Werth, W. H. Goudy, A. M. Beaver, and E. C. Sherman, Councilmen, of said city. On motion to dismiss bill. Motion denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On January 29, 1889, the common council of the city of Ashland by ordinance granted the Ashland Electric Power & Light Company, under the name of the Ashland Electric Light & Power Company, "the right of way, but not exclusive, over, upon, and across the streets, alleys, and public grounds of the city of Ashland, ' * * * for the purpose of establishing, maintaining, and operating throughout the city a system of electric light, and for the purpose of transmitting power within the limits of the city and adjacent country, in accordance with the object and purposes expressed in the articles of incorporation of said company." Section 2 of the ordinance provides for locating the poles and stringing the wires under the supervision of the mayor and council.

At the time of the adoption of this ordinance the city council was authorized and empowered by subsection 5, § 31, of the charter of the city of Ashland, "to provide for lighting the streets and furnishing the city with gas or other light, and for the erection or construction of such works as may be necessary or convenient therefor," the franchise for such purpose to be "used and exercised under such rules, regulations and restrictions as the council shall from time to time prescribe." And by subsection 27 the council was further authorized and empowered "to regulate the use of streets and sidewalks for the use of signs, signposts, awnings, awning posts, telegraph and telephone posts, and all other purposes." City Charter 1885.

By an act of the legislative assembly, approved February 19, 1903, conferring the right of eminent domain upon telephone, telegraph, and electric lines in Oregon, and amending section 4750 of the Annotated Codes and Statutes of Oregon, it was provided, among other things, that "any agreement or grant heretofore made by a county court, or by any municipal corporation, of the right to build or maintain any lines of poles and wires for the purposes aforesaid in any county or in any incorporated city or town, within which such line of poles and wires is already located is hereby confirmed, and such line of poles and wires may be maintained and operated so long as they are kept in repair and do not interfere with the convenient use of the highway for travel." Sess. Laws 1903, p. 112.

The Ashland Electric Power & Light Company, an Oregon corporation, accepted the grant, and in pursuance thereof, at heavy cost and expense, erected and established in the city of Ashland, and throughout the streets thereof, an electric light system, and has since operated the same. On July 25, 1911, the city council adopted an ordinance repealing in toto Ordinance No. 62, and requiring the light company to remove its system from the streets and highways of the city, and has since adopted resolutions with the purpose of requiring the removal of said system, and prohibiting the light company from exercising its said franchise in any way.

In resistance of the acts of the city, the light company has instituted a suit to restrain the city from interfering with its rights and privileges acquired under Ordinance No. 62, alleging that the city is seeking to deprive plaintiff of its property without due process of law. The sufficiency of the bill of complaint is tested by a motion to dismiss under the new equity rules.

Wm. D. Fenton, of Portland, Or., and A. C. Hough, of Grants Pass, Or., for plaintiff.

W. J. Moore, of Ashland, Or., and A. E. Reames, of Medford, Or., for defendants.

WOLVERTON, District Judge (after stating the facts as above). [1] If the plaintiff has acquired the right and privilege of constructing and maintaining an electric lighting system within the city by irrevocable grant or contract, any attempt on the part of the city to summarily oust the plaintiff would be tantamount to depriving it of its property without due process of law, contrary to section 1, art. 14, of the federal Constitution, and hence a federal question would be in-

volved. Boise Water Co. v. Boise City, 230 U. S. 84, 33 Sup. Ct. 997, 57 L. Ed. 1400.

[2] The chief controversy is whether it was competent for the city council of the city of Ashland to confer a perpetual right or authority upon the plaintiff to construct and maintain an electric lighting system within the city. It has been definitely settled by authority of the Supreme Court that a—

"grant by ordinance to an incorporated telephone company, its successors and assigns, of the right to occupy the streets and alleys of a city with its poles and wires for the necessary conduct of a public telephone business, is a grant of a property right in perpetuity, unless limited in duration by the grant itself or as a consequence of some limitation imposed by the general law of the state, or by the corporate powers of the city making the grant." Owensboro v. Cumberland Telephone Co., 230 U. S. 58, 65, 33 Sup. Ct. 988, 990 (57 L. Ed. 1389); Boise Water Co. v. Boise City, 230 U. S. 84, 33 Sup. Ct. 997, 57 L. Ed. 1400; Detroit v. Detroit Citizens' Street Ry. Co., 184 U. S. 368, 22 Sup. Ct. 410, 46 L. Ed. 592; Louisville v. Cumberland Telephone Co., 224 U. S. 649, 32 Sup. Ct. 741, 56 L. Ed. 1151.

The grant is one to exercise the right generally, without any limitation as to the time of its running. There is no limitation set upon such a grant by general law, so far as I have been advised; nor is there to be found in the corporate powers of the city existing at the time of the grant any such restriction. So it would seem, in view of these authorities, that the grant was one in perpetuity.

It is insisted that to enable a municipality in Oregon to confer such a privilege its authority must be deduced from the Constitution or statutes of the state, and specially conferred, and that the state Supreme Court has so held. The essential difference between that doctrine and the doctrine of the federal Supreme Court is that by the former it is deemed that explicit legislative authority is essential to the conferring of a perpetual license, while by the latter a general authorization to grant a right or privilege of the kind is considered to carry with it the power to confer a perpetual license, such license partaking of the nature of a contract with the city, and a grant by the city without limitation as to time must be deemed perpetual in its operation. See Owensboro v. Cumberland Telephone Co., supra.

[3] The case cited which is thought to be controlling is City of Joseph v. Joseph Waterworks Co., 57 Or. 586, 111 Pac. 864, 112 Pac. 1083. But the question was not involved in that case, and hence could not have been decided, so as to render it an authoritative precedent. The right and privilege granted by the Joseph ordinance was for a term of 15 years. This was so ascertained by the court. So there could have been no perpetual grant for the court to pass upon respecting its validity. But were that case to be deemed authoritative of the doctrine announced, the legislative confirmation in the present case by the act amendatory of section 4750, Bellinger and Cotton's Ann. Codes, is ample to ratify the power and authority exercised in conferring a perpetual franchise upon the plaintiff corporation. The Legislature was competent to ratify any act which it might have originally authorized. 26 Am. & Eng. Enc. of Law (2d Ed.) 698.

The motion to dismiss will be denied.