# NEWSOM *v.* CITY OF RAINIER.

### (185 Pac. 296.)

**Municipal Corporations—Invalidity of Perpetual Franchise.**

1. A franchise ordinance granting a right to lay and protect water-mains in the streets and alleys of the town "so long as this contract shall remain inviolate" constitutes a perpetual utility franchise, and hence is invalid.

**Waters and Watercourses—Franchise in Streets—Forfeiture.**

2. A franchise contract between a city and another for the laying and protection of water-mains, providing that the rights and privileges thereunder might be forfeited by any future council upon failure to supply a sufficient amount of water, is within the rights of the parties who may thus contract about the remedy for breach.

**Waters and Watercourses—Legislative Power of Council to Declare a Franchise Void by Ordinance.**

3. The city council is a legislative body, and, in respect to perpetuating or ending a water supply franchise ordinance containing a provision that rights thereunder might be forfeited by the council for breach, could forfeit such rights only by means of a repealing ordinance declaring the franchise ordinance void.

**Constitutional Law—Waters and Watercourses—Council's Legislative Act in Forfeiting Franchise Contract Binding upon Court—Obligation of Contracts.**

4. Where a franchise ordinance conferred express authority upon a city council to revoke the franchise when in its judgment it had

been breached, the findings upon which it must be concluded that council acted in passing the ordinance annulling and revoking the franchise ordinance are binding on the court, and the court would impair the obligation of the contract if it disregarded council's action.

From Columbia: JAMES A. EAKIN, Judge.

Department 1.

On October 5, 1896, the town of Rainier by its common council enacted Ordinance No. 26, granting to the plaintiff or Dean Blanchard, their successors and assigns, the right to lay and protect water-mains in the streets and alleys of the town, "so long as this contract. shall remain inviolate," all in consideration of the grantees' agreeing to lay such pipes for the purpose of supplying water to the town and its inhabitants. Certain restrictions were made upon the maximum rates to be charged. Section 3 of this ordinance reads thus:

"All rights and privileges conferred by this ordinance may be forfeited by any future council upon a failure to supply a sufficient amount of water for legitimate household purposes, provided this shall not apply in cases of temporary and unavoidable leaks or breaks in the water plant."

The town reserved the right to purchase the plant upon an appraised value to be determined by arbitrators. The plaintiff claims to have accepted this ordinance and to have established a water system in the town, and that in 1909 the city passed an ordinance providing certain restrictions upon excavation in the streets and alleys and requiring an application to be made to the city recorder for permission therefor. He avers that he complied with the ordinance and that the officers of the city without cause have refused to grant him permission to make necessary excavations

for the extension of his water system and have forcibly prevented him from performing the work. He prays for an injunction restraining them from interfering with the laying of water-mains and pipes in the town.

The city contends in its answer that the ordinance is void because it purports to grant a franchise in perpetuity. It is also stated as a further defense that after the plaintiff had refused to enlarge his system to make it adequate for the needs of the people in the municipality, the common council of the town passed ordinances repealing Ordinance No. 26 and revoking all of the rights which the plaintiff claimed thereunder. There are other statements of defensive matter not necessary to be noticed.

The plaintiff demurred to all of these separate defenses, but his demurrers were overruled and, as he refused to plead further, the Circuit Court entered a decree dismissing his suit, and he has appealed.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. M. B. Meacham.*

For respondents there was a brief with oral arguments by *Mr. Arthur I. Moulton* and *Mr. Fred W. Herman.*

BURNETT, J.—1. One of the principal questions to be considered is the validity of the franchise embodied in Ordinance No. 26. It will be observed that no limitation of time is contained in the enactment, but it will continue so long as the grantees comply with its terms. This constitutes a plain perpetuity within the meaning of *City of Joseph* v. *Joseph Water Works Co.,* 57 Or. 586 (111 Pac. 864, 112 Pac. 1083). The court

there, speaking by Mr. Chief Justice EAKIN, held that
a municipality has no authority to grant a perpetual
utility franchise.  This being so, the ordinance con-
ferred no right upon the plaintiff, and within the mean-
ing of that principle he has no standing to assert any
claim for relief against the city based on that enact-
ment of its common council.

2, 3.  Another proposition is equally conclusive
against the plaintiff.  The ordinance which he ac-
cepted, and under which he claims, constituted a con-
tract or franchise between the city and himself.  As
one remedy for a breach of its terms on his part, they
provided in Section 3 that—

"All rights and privileges conferred by this ordi-
nance may be forfeited by any future council upon a
failure to supply a sufficient amount of water for legi-
timate household purposes."

The parties had a right thus to contract about the
remedy for noncompliance with the conditions of the
franchise.  There is nothing unlawful about such a
contract and, as said in *Breitenbach* v. *Bush,* 44 Pa.
St. 313 (84 Am. Dec. 442):

"If the parties adjust or modify the legal remedies
for themselves by making them an express and sub-
stantive part of their contract, they cannot, as to that
particular contract, be changed by the legislature."

No more can the court disregard the line of conduct
which the parties lawfully have marked out for their
intercourse with each other.  The council is a legis-
lative body and in respect to perpetuating or ending
the ordinance in question it must act in its legislative
capacity.  Consequently, the only method by which the
council could forfeit the rights conferred by the ordi-
nance was by another ordinance repealing it or declar-
ing it void.  This was within the contemplation of the

parties at the time they entered into the convention in question.

4. It is said in 8 Cyc. 727:

"Where the questions involved are of a political character and action depends upon a construction to be given a constitutional provision or statute, courts will not only give great consideration to construction of such provisions or statutes by the political departments of the government in doubtful cases, but they are bound by such constructions where the power is of a discretionary character and making those who are called upon to exercise those powers, in the first instance judges of questions of fact and existing conditions."

An instance illustrating this principle is found in the original Constitution of this state whereby the legislature was authorized to create a separate Supreme Court, "when the white population of this state shall amount to 200,000." In *Cline* v. *Greenwood*, 10 Or. 230, the court, speaking by Mr. Justice LORD, respecting this constitutional provision, said, "that section of the Constitution can only be made operative by legislative action." Another instance of the principle is found in the doctrine that the Governor is the exclusive judge of the facts requiring an extraordinary session of the legislature: *Farrelly* v. *Cole*, 60 Kan. 356 (56 Pac. 492, 44 L. R. A. 464); *State* v. *Fair*, 35 Wash. 127 (76 Pac. 731, 102 Am. St. Rep. 897).

Having committed the annulment of this franchise to the legislative body of the city, viz., the council, the court would not necessarily be called upon to enforce the forfeiture. We are bound to presume that the council, thus clothed with authority by the express stipulation of the parties, ascertained facts warranting a cancellation of the franchise, and its findings, upon which we must conclude that it acted, are bind-

ing upon us and we would impair the obligation of the contract if we disregarded the action of the body to which the parties committed this prerogative. Of course, if no provision had been made about the manner in which the forfeiture of the franchise might be effected, it would have required a judicial procedure to accomplish that end, based upon the violation of its terms by the grantee. But the present instance is not such a case. Neither is it like *State ex rel.* v. *Birmingham Water Works Co.,* 185 Ala. 388 (64 South. 23, Ann. Cas. 1916B, 166):

"The municipal ordinance or resolution which grants a franchise to a public service corporation may also comprehend the terms of a contract between the municipality and the service corporation, prescribing the obligations and restraints by which each is to be governed, and the conditions upon which the franchise is granted and may be exercised. In so far as such an ordinance is merely contractual in its nature, it is subject to revocation or rescission for such material breaches of its terms as would justify the rescission of other contracts by offended parties in interest. * * But in so far as it grants a franchise, or consents to the exercise of a franchise granted on that condition by the state legislature, it cannot, at least in the absence of express authority, be revoked by the municipality for the grantee's misconduct so as to annul the franchise—a result which can be accomplished only by judicial action at the instance of the state, or contingently at the suit of the municipality."

In the present juncture, however, an express authority has been conferred upon the council to revoke the franchise when in its judgment the conditions have arisen warranting such an action. The conclusion is that the Circuit Court was right also in overruling the demurrer to the defense based upon the repeal of the ordinance granting the franchise. It is unnecessary

to determine the validity of the court's ruling upon the demurrers to the other defenses.

The decree is affirmed.                    AFFIRMED.

BENSON, BEAN and HARRIS, JJ., concur.

---

Motion to dismiss appeal allowed November 25, 1919.