### TOWN OF McINTYRE *v.* SCOTT *et al.*

No. 13484. JANUARY 16, 1941.

*Victor Davidson* and *C. S. Baldwin Jr., solicitor-general,* for plaintiff in error.

*Edward F. Taylor* and *Alex. S. Boone Jr.,* contra.

JENKINS, Justice. 1. Section 4 of the act of March 23, 1939 (Ga. L. 1939, pp. 177, 179), providing for validating bonds and other instruments, and proceedings for their authorization and issuance, by towns, cities, counties, school districts, and other State authorities created by the legislature, in financing projects aided by Government loan, grant, or contract therefor, declares: "That all proceedings, which have been taken prior to the date this act takes effect," upon its approval, "for the purpose of financing or aiding in the financing of any work, undertaking, or project by any public body to which any loan or grant is under contract to be made by the United States of America through the Federal Emergency Administrator of Public Works for the purpose of financing or aiding in the financing of such work, undertaking, or project, including all proceedings for the authorization and issuance of bonds, and for the sale, execution, and delivery thereof, are hereby validated, ratified, approved, and confirmed, notwithstanding any lack of power (other than constitutional) of such public body or the governing body or commission or officers thereof to authorize and issue

such bonds, or to sell, execute, or deliver the same, and notwithstanding any defects or irregularities (other than constitutional) in such proceedings, and notwithstanding that such governing body may not have been elected, appointed, or qualified for the offices they purported to hold." Under a proper construction of this section, its scope is not limited to a situation where bonds were already actually issued before the act, since the preceding section 3 expressly made provision for that condition; or to a situation where the *validation proceedings* had previously been *completed,* since section 4 in question is not limited thereto, but broadly includes *"all proceedings* for the authorization and issuance of bonds." Accordingly, unless the act violates some constitutional provision, it covers a situation such as presented by this case, where the proceedings for the issuance of bonds, the validity of which is attacked, had been taken before the adoption of the act; it appearing that after a favorable vote for the issuance of waterworks bonds in a town election, the solicitor-general filed his petition for validation in January, 1939, and that the agreement of the Federal Government and the town for the Government's financial aid to the project was made in February, 1939, before the passage of the act in the following month. The fact that the validation proceedings were still pending when the act was adopted would not take such proceedings out of the purview of the act. The fact that the Government did not agree to furnish its financial assistance to the project until after completion, and that such assistance was also necessarily dependent on the favorable termination of the validation proceedings, did not prevent the arrangement with the Government, which, as the petition alleged, expressly contemplated the unfinished litigation, from being such a contract as came within the purview of the act.

2. Even though the Court of Appeals held the original petition subject to general demurrer of the intervening taxpayers and citizens, for the reason that the town was without charter authority to issue the waterworks bonds, the filing of the amendments to the petition, by express leave of the Court of Appeals in its decision reversing the judgment of the trial court overruling the general demurrer (*Town of McIntyre* v. *Baldwin,* 61 *Ga. App.* 489, 6 S. E. 2d, 372), so as to set forth the contract with the Government and the subsequent validation act as curing the alleged defects, did not render such amendments subject to general demurrer upon the

ground that the petitioner must stand on the cause of action as it stood when the original petition was filed, and, as a matter of *procedure,* was not entitled to claim by amendment the benefit of the subsequent Government contract and of the validating act.

3. Neither such procedure nor the act itself constituted a violation of art. 1, sec. 3, par. 2, of the State constitution, against retroactive laws (Code, § 2-302) ; or of art. 1, sec. 1, par. 4, against depriving a person of the right to defend his own cause in any court of the State (§ 2-104), on the ground that the act and its effect would take away from the intervenors the right to continue their defense as it existed when the original petition was filed. *Bullard* v. *Holman,* 184 *Ga.* 788 (2), 791 (193 S. E. 586, 113 A. L. R. 763) ; *Bowers* v. *Keller,* 185 *Ga.* 435, 437 (195 S. E. 447).

4. Since cities and towns in their governmental powers are creatures of the legislature, and such powers are subject to change from time to time at the will of their creator (*Hogg* v. *Rome,* 189 *Ga.* 298, 303, 6 S. E. 2d, 48), and since no citizen or taxpayer merely by his ownership of municipal property has a vested right in existing provisions of a town or city charter, even though the effect of the validating act in question was to increase the original charter powers, the act was not unconstitutional as infringing art. 1, sec. 1, par. 3, of the State constitution against taking property without due process of law (Code, § 2-103), or art. 12, sec. 1, par. 5, as to the maintenance of vested rights (§ 2-8505).

5. The validating act, being made by its terms generally applicable throughout the State to all cities, towns, counties, school districts, and public bodies created by the General Assembly, and coming within the situations stated, was neither class legislation in violation of art. 1, sec. 1, par. 2, providing that protection of person and property shall be the paramount duty of government and shall be impartial and complete (Code, § 2-102) ; nor special legislation in violation of art. 1, sec. 4, par. 1, providing for uniform operation of general laws, and prohibiting the enactment of a special law in any case for which provision has been made by an existing general law (§ 2-401). *Williamson* v. *Housing Authority of Augusta,* 186 *Ga.* 673 (199 S. E. 43) ; *Barber* v. *Housing Authority of Rome,* 189 *Ga.* 155 (1, *a*), 157 (5 S. E. 2d, 425).

6. The validating act does not contravene art. 3, sec. 7, par. 17, of the State constitution, prohibiting amendment or repeal of any

law or Code section "by mere reference to its title or to the number of the section of the Code" (§ 2-1817), since the act does not purport to expressly amend or repeal any particular law or Code section, and since, as repeatedly held, the constitutional inhibition is confined to express repeals and amendments, and does not extend to changes made by implication. *Barber* v. *Housing Authority of Rome,* supra, and cit.; *Crisp* v. *Head,* 187 *Ga.* 20, 24 (199 S. E. 219), and cit.

7. There is no merit in the ground that the validating act deprives the courts of the right to enforce State constitutional provisions and laws by making evidence as to actions of town officials conclusive, and that the act thus attempts to consolidate the judicial and legislative departments, in violation of art. 1, sec. 1, par. 23 (Code, § 2-123), separating the legislative, judicial, and executive powers. Validating legislation of this character, unless in clear contravention of some particular constitutional provision, has been uniformly held proper and effective. See *Hogg* v. *Rome,* supra; *Bass* v. *Columbus,* 30 *Ga.* 845; *Winn* v. *Macon,* 21 *Ga.* 275; 16 C. J. S. 879-882 (§§ 428, 429).

8. Art. 7, sec. 7, par. 1, of the State constitution (Code, § 2-5501) prohibits municipal corporations and counties from incurring debts in excess of seven per cent. of the assessed value of all taxable property, with exceptions as stated. The following par. 2 (Code, § 2-5502) requires that before political divisions incur bonded indebtedness, they "shall, at or before the time of so doing, provide for the assessment and collection of an annual tax sufficient in amount to pay the principal and interest of said debt within 30 years from the date of the incurring of said indebtedness." But "it is not necessary that the provision for payment [under par. 2] should be made before the application to validate. If on the hearing of such an application nothing appears to the contrary, the presumption is that provision will be made at the time and in the manner prescribed by the constitution. If, however, it does distinctly appear that the municipal corporation does not intend to make such provision, a judgment of validation should not be entered." *Epping* v. *Columbus,* 117 *Ga.* 263 (12), 279 (43 S. E. 803). The law presumes that public officers will obey the law. *Hogg* v. *Rome,* supra. Although the petition does not indicate that the municipality has violated or intends to violate either of the

provisions stated, and the validating act does not authorize such a violation but expressly excepts from the curative provisions such defects and irregularities as are "constitutional," the demurrer attacks the act and the procedure of the town as in contravention of both paragraphs. This attack being in the nature of a speaking demurrer and without merit, the court erred in dismissing the action on these as on all other grounds of demurrer.

*Judgment reversed. All the Justices concur.*