29284. SCOTT *et al.* v. TOWN OF McINTYRE *et al.*

DECIDED FEBRUARY 19, 1942.

*Edward F. Taylor,* for plaintiffs in error.

*C. S. Baldwin Jr., solicitor-general, Victor Davidson,* contra.

GARDNER, J. 1. The 1939 validating act (Ga. L. 1939, pp. 177, 179) had the effect of amending the charter of the Town of McIntyre, as one of a class (*Town of McIntyre* v. *Scott,* 191 *Ga.* 473, 12 S. E. 2d, 83; *Hogg* v. *Rome,* 189 *Ga.* 298, 304, 6 S. E. 2d, 48), so that, notwithstanding the ruling of this court (*Town of McIntyre* v. *Baldwin,* 61 *Ga. App.* 489, 6 S. E. 2d, 372), the Town of McIntyre had authority, no violations of the State or Federal constitution appearing, to vote, validate, and, subject to Code § 5502, issue bonds for waterworks in the principal sum of $6000, where it further appeared that proceedings to validate by the Town of McIntyre were pending at the time of, and the agreement between the Federal Government (Federal Works Agency Public Works Administration) and the Town of McIntyre to extend financial aid to the latter was previous to, the passage of the above-mentioned validating act. The scope of the amendment to the charter was sufficient to qualify its existent provision to the effect that taxes levied upon all property of the Town of McIntyre should not exceed "one per cent. of the value of said property," so that the power to assess and tax became permitted, and limited, as provided in the Code, §§ 2-5501, 2-5502, and other laws applicable thereto.

2. The charter of the Town of McIntyre having been amended as indicated above, the Town of McIntyre had authority to pass such ordinances, resolutions, make assessments of property, give legal notices, call and hold elections, and do such other acts and things as were necessary to the exercise of its corporate powers and. the performance of its corporate duties (*Albany Bottling Co.* v. *Watson,* 103 *Ga.* 503, 505, 30 S. E. 270), and, as applied in the instant case, the Town of McIntyre had, inherent in the amendment to its charter by the 1939 validating act, and as necessarily implied from its charter as amended, the power to vote, validate, and issue bonds and incur debt for the purpose of construction of waterworks (*Mayor &c. Rome* v. *Cabot,* 28 *Ga.* 50; *Heilbron* v. *Cuthbert,* 96 *Ga.* 312, 316, 23 S. E. 206), when, and as related to, securing financial aid from the Federal Government under its contract relative thereto.

3. The Town of McIntyre had authority under its charter as amended to pass the resolution that, the town being in need of waterworks and being offered a grant from the Federal Government of 45 per cent. of the cost of installation, etc., the issue be submitted to the qualified voters of the municipality whether they should vote bonds in the principal sum of $6000, in stated denominations, to mature at indicated dates, but within thirty years, and that the election be held at a designated time and place.

4. The Town of McIntyre was not, because of the lack of original charter powers (*Town of McIntyre* v. *Baldwin,* supra), relegated in its assessment of taxes to the general laws of the State (cited by intervenors as Code, §§ 92-6801, 92-6805, 92-6806), but under the charter as amended had authority to assess taxes under Code, §§ 92-4001, 92-4002, even though the instance of assessing was in itself a first instance.

5. Neither the failure of the Town of McIntyre to have in existence a valid tax digest before the calling of the election under the above resolution, nor the relationship to the municipal officers of those holding the election or those acting as tax assessors, nor the method of advertising in the regular county newspaper carrying legal notices, by loose enclosure in such papers, in the publications carrying the call of the election, and on colored sheets different from those currently in use by the newspaper, nor an alleged irregularity of holding the election "in" the store in question,

rather than "at" the store as advertised, nor the method of procuring a registration list of those desiring to vote if qualified, nor the fact that such registration was a first instance of the registration of the city's qualified voters, was not, even though they or some of them be conceded as violations of statutory laws, violations of the constitutions, State or Federal.

6. The record presents but one remaining issue which borders on the question whether a violation of the constitution has been revealed. It is: was the maximum total assessment, as returned by the assessors, on all the property of the Town of McIntyre, sufficient in fact to support a bond issue of $6000? The methods of arriving at the valuations to constitute the assessment, if irregular, were cured by the 1939 validating act. Therefore, accepting as established to prove a prima facie case such values as found by the assessors, as indicated by their returns, was a finding *demanded,* in view of the counter showing of the intervenors, that the total assessment of $96,300 found by the assessors on which to predicate the bond issue was excessive by such figure as would reduce the total assessment to a true assessment which would be less than that necessary to support the bond issue? The showing by the intervenors of the assessment of $57,497 for the year in question by the county tax receiver, as his returns for the Town of McIntyre, while illuminating was not conclusive. The concurrence by the taxpayers offered as witnesses by the intervenors, with the return as found by the county tax receiver, as above indicated, as representing the maximum, true values of all property in the Town of McIntyre, for the year in question, was only opinionative and was not conclusive. Therefore, a finding was not demanded that, as a matter of fact, the returns of the assessments in question were not sufficient to support the bond issue. This being true, and the trial judge having found that the prima facie case of proof of the sufficiency of the assessment by the assessors was not overcome by the counter showing of the intervenors, this court is powerless to reverse that finding.

7. The court did not err in ordering the validation of the bonds of the Town of McIntyre, as in his order declared, save that the direction that the proper authorities issue such bonds is necessarily qualified by the provisions of Code § 2-5502. See *Town of McIntyre* v. *Scott,* supra.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*