## TOWALIGA FALLS POWER COMPANY v. FOSTER.

HILL, J. 1. The special demurrers were met by amendment, and the petition as amended was sufficient to withstand a general demurrer.

(a) A number of the questions raised by the petition and demurrer are controlled by the decision in the case of *Central Georgia Power Co.* v. *Stubbs*, 141 *Ga.* 172 (80 S. E. 636), which was published subsequently to the trial in the court below. Only such questions will be determined now as have not been formerly ruled.

2. The act of 1912 (Acts 1912, p. 66), which fixes the venue of suits against electric companies, etc., is not unconstitutional as being in violation of art. 3, sec. 7, par. 8, of the constitution of the State of Georgia (Civil Code, § 6437), which provides that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof." Service is incident and germane to the venue of suits, and in fixing venue provision must also be made for the service of suits. That the act of 1912 provides for service in cases where the venue is also fixed by the act and is comprehended in the caption does not render the act repugnant to the constitutional inhibition quoted above.

3. Nor is it in violation of art. 3, sec. 7, par. 17, of the constitution (Civil Code, § 6445), which provides that "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." This provision of the constitution has no application to repeals by implication (*Nolan* v. *Central Georgia Power Co.*, 134 *Ga.* 201 (3), 67 S. E. 656; *City of Cartersville* v. *McGinnis*, 142 *Ga.* 71, 82 S. E. 487), and it is only by implication that the act of 1912 (supra) amends or repeals Civil Code § 2798, in so far as that section conflicts with the act.

4. The act of 1912 (Acts 1912, p. 66) is not repugnant to the provision of the constitution of this State which declares that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." The act of 1912 is a general law operating throughout the State, and does no violence to the provisions of the constitution just quoted. *Jefferson Fire Insurance Co.* v. *Brackin*, 140 *Ga.* 637 (79 S. E. 467).

*Judgment affirmed. All the Justices concur.*
JULY 10, 1915.

Action for damages. Before Judge Daniel. Butts superior court. March 31, 1914.

*Cleveland & Goodrich* and *W. E. Watkins,* for plaintiff in error.
*C. L. Redman,* contra.