GROVE MANUFACTURING COMPANY *vs.* FRANK JACOBS.

Lincoln.    Opinion March 11, 1918.

*R. S., Chap. 130, Sec. 18, interpreted.*

Action on the case brought by plaintiff to recover for the sale and delivery of an assortment of goods containing various kinds of articles to the amount of forty-nine dollars.    In addition to the assortment of goods, the sale included a device for the distribution of the goods, called a punch board.

*Held:*

From the evidence presented, there can be no question of doubt but that the device described and sold to defendant comes fully within the ban of the statutes of the State of Maine as a gambling device, and that no recovery can be had for the price of same.

Action on the case to recover the value of certain articles sold defendant.    Defendant filed plea of general issue and also brief statement, which read as follows:· "That the goods described in plaintiff's writ constituted a gambling device; that at the time of the contract and sale of said goods to the defendant, the said plaintiff well knew that said goods constituted a gambling device; that said plaintiff sold said goods to said defendant with the intent and knowledge that the same should be used as a gambling device."    Case was returnable to the Municipal Court, and upon certain agreed statement of facts was reported directly to the Law Court.    Judgment for defendant.

Case stated in opinion.

*George A. Cowan*, for plaintiff.

*Weston M. Hilton*, for defendant.

SITTING:  CORNISH, C. J., SPEAR, KING, HANSON, PHILBROOK, JJ.

SPEAR, J.  This is an action on the case brought by the plaintiff to recover for the sale and delivery of an assortment of goods containing various kinds of articles to the amount of forty-nine dollars. But in addition to the assortment of goods the sale included a device

for the distribution of the goods, called a punch board. The defense is, that this combination, as a whole, constituted a gambling device, within the law. The agreed statement contains the following description of the sale:

"The assortment described in plaintiff's writ consisted of a board containing seven hundred holes in each of which was a slip of paper with a number printed thereon. The board was covered with a paper upon which were spots indicating where each hole was located. A list of premiums, so called, was printed on the paper cover.

"The collar buttons did not exceed in retail value the sum of five cents, and the premiums, consisting of seventy articles, varied in value from fifty cents to two dollars, except the one designated as "last punch," which was in this case a meerchaum pipe of the retail value of about five dollars. "Upon the purchase of a collar button for ten cents, a person was entitled to the further right to punch out the slip of paper in any hole which he might choose. If the number upon the slip of paper in the hole punched by him corresponded with the number placed opposite any premium described on said board, such premium became the property of such person.

"That the intention of the plaintiff was that the said assortment should be used according to the specifications of said board."

The construction of our statute in its application to the decision of what constitutes a gambling device has been fully declared several times in this State and recently reviewed in the case of *State* v. *Googin*, 117 Maine, 102. In this case the statute is fully quoted and analyzed in the light of the decisions in this and other jurisdictions. An extended opinion, therefore, upon this question would be but a repetition of the interpretation already given our statute. Under this recent decision there can be no question of doubt that the device here described comes fully within the ban of the statute as a gambling device.

In accordance with the stipulation,

*Judgment for the defendant.*