12859.  ATKINSON NOVELTY CO. *v.* PRINCE & SON.

1. The court did not err in overruling the general and special demurrers interposed to the original answer of the defendant, or in thereafter refusing to strike, on oral motion, an amendment filed to the original answer.

2. Under repeated rulings of the Supreme Court and this court it is never error to refuse to direct a verdict.

3. A punch-board containing holes which the player may punch on payment of ten cents, where he may obtain an article of value if the number on the slip of paper in the hole punched corresponds to the number of the article, but otherwise receives nothing, is a gambling device; and a sale and delivery of an assortment of goods which includes free of charge such a board is a violation of section 397 of the Penal Code (1910), and therefore void; and, under the evidence submitted upon the trial of the instant case, the court did not err in directing a verdict for the defendant, who was sued upon open account for the price of the goods.

DECIDED APRIL 14, 1922.

Complaint; from Fannin superior court — Judge Blair.  July 12, 1921.

*William Butt,* for plaintiff.

*T. A. Brown, B. L. Smith,* for defendants.

LUKE, J. · This is a suit upon an open account.  The defendant filed a plea denying general liability, and also a special plea in which it alleged that the account sued upon was for a certain punch-board, and that the sale of the same was illegal and void, in that it involved the sale of property which was to be used in

the hazarding of money and was a gambling scheme. The plaintiff demurred both generally and specially to the defendant's answer. The defendant thereupon filed an amendment to its answer, setting forth more fully the reasons why the contract was illegal and void. The plaintiff moved to strike the amendment, upon the ground that it was insufficient in law. The court overruled the demurrers and refused to sustain the oral motion to strike the amendment. The case proceeded to trial, and upon the conclusion of the evidence both parties litigant moved the court to direct a verdict, and the court directed a verdict for the defendant. The plaintiff in due time sued out a writ of error to this court, assigning error upon the overruling of its demurrers, upon the refusal of the court to strike the amendment to the defendant's answer, and to the refusal of the court to direct a verdict in its favor and to the order directing a verdict for the defendant.

The 3d headnote alone needs elaboration. The evidence introduced upon the trial shows, that, in addition to the assortment of goods, the sale included a device for the distribution of the goods, called a punch-board. This board was two feet square, and in it were many holes. In each of these holes was a small strip of paper, containing a number. These holes were covered, but the cover was so designed as to indicate exactly the location of each hole. A small peg was used to punch the cover of the holes. Ten cents a punch was charged, and the number on the slip of paper in the hole punched indicated whether or not the customer was rewarded with a prize. The prizes consisted of guns, revolvers, cigarette cases, watches, silver charms, and leather fobs. These articles ranged in value from $1 to $40.

It is well settled that a contract of sale made in violation of a criminal statute is void and unenforceable. *Small Grain Distilling Co.* v. *Davis,* 11 *Ga. App.* 116 (74 S. E. 897). This rule is so well established that any further citation of authority is deemed unnecessary. We come, therefore, directly to the controlling question in the case,— whether, under the evidence submitted upon the trial, the sale was in violation of the law of this State. Section 397 of the Penal Code (1910) declares: " If any person, either by himself or his agent, shall sell or offer for sale, or procure for or furnish to any person any ticket, number, combination, or chance, or anything representing a chance, in any lottery, gift

enterprise, or other similar scheme or device, whether such lottery, gift enterprise, or scheme shall be operated in this State or not, he shall be guilty of a misdemeanor." Clearly, we think, a punch-board, as included in the sale in the instant case, is a gambling device and falls within the provisions of the above code-section. The incentive prompting any one to take a punch was the chance of getting something of more value than the cost of the chance. The amount of the winner's gain or loser's loss would make no difference, if the chance to win more than was invested was present. It is this *chance* to get something of more value than the amount invested that characterizes the device as a gambling one. Even if every punch had entitled the customer to a prize of the value of ten cents — the price of a punch — so that there would have been no chance for the patron to lose, this would not purge the enterprise of its chance characteristics, because the chance to win more than invested yet remained.

While it is true that neither the Supreme Court nor this court has held that a punch-board is a gambling device, we find that it has been so held in other judicatories. In the case of State *v.* Turlington, 200 Mo. App. 192 (2) (204 S. E. 821), it was held: "Although patrons of punch-board, as condition precedent, were required to purchase a three-cents post-card for five cents, there was present the element of chance, the possibility of receiving a knife worth fifty cents or $1.50, in addition to post-card, and the devise was a 'gambling device.'" In the case of Commonwealth *v.* Gritten, 180 Ky. 446 (2), it was held: "A punch-board containing holes which the player, on the purchase of a post-card, may punch and obtain certain articles of value corresponding to the numbers indicated by the board, is a machine ordinarily used for gambling purposes." And in Grove Manufacturing Co. *v.* Jacobs, 117 Me. 163 (103 Atl. 14), a case directly in point, the headnote is: "Action on the case brought by plaintiff to recover for the sale and delivery of an assortment of goods containing various kinds of articles to the amount of forty-nine dollars. In addition to the assortment of goods, the sale included a device for the distribution of the goods called a punch-board. *Held:* From the evidence presented, there can be no question of doubt but that the device described and sold to defendant comes fully within the ban of the statutes of the State of Maine as a gambling device,

and that no recovery can be had for the price of the same." The statutes upon which the above cases are predicated were not any broader, if as broad and comprehensive, as our own statute upon which we base our ruling in the instant case.

The mere fact that no charge was made for the punch-board, is insufficient to defeat the purposes of the statute prohibiting the sale of gambling devices. It was the punch-board feature that caused the sale, and the plaintiff was fully cognizant that it was to be used by the defendant in disposing of the articles in question. The disposition of the articles through the medium of the punch-board was a direct appeal to the gambling instinct which, it is said, possesses every man in some degree, and it is the temptation to gratify the instinct that our statute is aimed at; and, therefore, the mere fact that the punch-board was included in the assortment of goods purchased free of charge shows conclusively a subterfuge or scheme to thwart the beneficent objects and purposes of the law designed to suppress the sale of gambling devices — a thing which the law does not permit of.

It follows, from what has been said, that the court did not err in directing a verdict for the defendant.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*