WALTHOUR *v.* CITY OF ATLANTA *et al.*

HILL, J.    1.    The act of 1919 (Acts 1919, p. 821), which is an act to amend an act establishing a new charter for the City of Atlanta, approved February 28, 1874, and the several acts amendatory thereof, and an ordinance passed by the mayor and general council of the City of Atlanta in pursuance thereof, authorizing the paving of a certain street in said city, are not unconstitutional and void because, as contended, they are in conflict with paragraph 1 of section 4 of article 1 of the constitution of the State of Georgia (Civil Code of 1910, § 6391), in that the act of 1919 is a special law enacted in a case for which provision has been made by an existing general law, in § 870 of the Civil Code of 1910. Even if the act of 1919 could be held to be in conflict with § 870 of the Civil Code, as contended by the plaintiff in error, it would not avail him anything in the present case, inasmuch as the record discloses that there is no attempt to repave the street in question, but to pave it originally, while § 870 provides for repaving.

(a)    An assignment of error to the effect that the act of 1919 is illegal, void, and unconstitutional, because it is in conflict, as contended, with paragraph 8 of section 7 of article 3 of the constitution of the State of

Georgia (Civil Code of 1910, § 6437), in that said act of 1919 refers to more than one subject-matter and contains matter different from what is expressed in the title thereof, without pointing out what portion of the body of the act is inconsistent with the title, or wherein the act refers to more than one subject-matter, is insufficient and will not be considered by the Supreme Court.

(b) The act of 1919 is not illegal, void, and unconstitutional because it is in conflict, as contended, with paragraph 17 of section 7 of article 3 of the constitution of the State of Georgia (Civil Code of 1910, § 6445), in that the act attempts to amend and repeal § 870 of the Civil Code of 1910 without distinctly describing the law to be amended or repealed, as well as the alteration to be made. There is no express attempt to amend or repeal the above section of the Civil Code, and the above provision of the constitution does not apply to repeals by implication. *Nolan* v. *Central Ga. Power Co.*, 134 *Ga.* 201 (3) (67 S. E. 656) ; *Towaliga Falls Power Co.* v. *Foster;* 143 *Ga.* 688 (3) (85 S. E. 835) ; *Aultman* v. *Hodge*, 147 *Ga.* 626, 630 (95 S. E. 297).

(c) Nor is the act of 1919 "illegal and unjust," as contended, in that it attempts to make the owners of abutting property liable for the total cost of such paving or repaving without giving them the exclusive control over such pavement and street; and in that while the general public and the City of Atlanta are benefited by such pavement, no provision is made by which the City of Atlanta or the general public is required to pay for such improvement in proportion to the benefit derived therefrom, and therefore that the act is discriminatory. *City of Valdosta* v. *Harris*, 156 *Ga.* 490 (119 S. E. 625).

(d) Nor is the act of 1919 illegal, void, and unconstitutional because it deprives the owner of property abutting on a paved street in the City of Atlanta of due process of law, as contended, in conflict with and in violation of paragraph 3 of section 1 of article 1 of the constitution of the State of Georgia (Civil Code of 1910, § 6359), and is in conflict with and in violation of section 1 of the 14th amendment of the constitution of the United States (Civil Code of 1910, § 6700), in that said act provides no method by which the owner of property abutting on a paved street in the City of Atlanta may in law or in equity contest the amount and legality of an assessment against a property owner, made by an ordinance of the City of Atlanta as provided in the act, to meet the total cost of paving the street; and in that the act deprives such owner of his right to a judicial investigation by due process of law as to the amount and legality of such assessment, and substitutes therefor, as an absolute finality, the action of the mayor and general council in fixing such assessment. *City of Valdosta* v. *Harris*, supra (2), (14) ; *Horkan* v. *City of Moultrie*, 154 *Ga.* 444 (2), 449 (114 S. E. 888).

(e) Nor is the act of 1919 illegal, void, and unconstitutional, because, as contended, it deprives the owner of property abutting on a paved street in the City of Atlanta of due process of law, in conflict with and in violation of the due-process clauses of the State and Federal constitutions, in that the act provides for the assessment of private property abutting on a paved street in the City of Atlanta according to its frontage, to meet the total cost of paving such street, without regard to the special benefits, if any, accruing by reason of such paving to the particu-

lar property; and in that such abutting property is required, under the act, to bear the total cost of such public improvement according to its frontage, even in the event such cost is equal to or exceeds the value, or actual market value, of such abutting property. All of the evidence on the trial of the case shows that the cost of the paving was less than the value of the property belonging to the abutting-property owner. *City of Valdosta* v. *Harris,* supra.

(f) Nor is the act of 1919 illegal, void, and unconstitutional because, as contended, it provides for the taking of private property for public purposes without just and adequate compensation first being paid, in conflict with and in violation of paragraph 1 of section 3 of article 1 of the constitution of the State of Georgia (Civil Code of 1910, § 6388), in that the act provides for the assessment of private property abutting on a paved street in the City of Atlanta according to its frontage, to meet the total cost of paving such street, without regard to the special benefits, if any, accruing by reason of such public improvement, to the particular property; and in that such abutting property is required, under the act, to bear the total cost of such public improvement according to its frontage, etc. *Ga. Ry. & El. Co.* v. *City of Atlanta,* 144 *Ga.* 722 (5) (87 S. E. 1058).

(g) Nor is the act of 1919 illegal, void, and unconstitutional, as contended, because it is in conflict with and in violation of paragraph 1 of section 7 of article 7 of the constitution of the State of Georgia (Civil Code of 1910, § 6563), in that the act provides for the incurring of a new debt by the City of Atlanta without the assent of two thirds of the qualified voters of the City at an election called for that purpose. *City of Valdosta* v. *Harris,* supra, (5).

2. Under the pleadings and the evidence it was not error to revoke the restraining order and refuse an injunction.

*Judgment affirmed. All the Justices concur, except Russell, C. J., disqualified.*

No. 3631. DECEMBER 11, 1923. REHEARING DENIED DECEMBER 20, 1923.

Petition for injunction. Before Judge Ellis. Fulton superior court. January 26, 1923.

Palmer Walthour brought an equitable petition against the City of Atlanta and H. L. Collier as chief of construction of the city, and alleged that he is the owner of a certain tract of land located at the intersection of South Ponce de Leon Avenue and Clifton Road or Avenue, the tract of land being lot 1 in block 8 of Druid Hills subdivision in land lot 240 of the 15th district of DeKalb County, Georgia, the tract fronting 125 feet on the South side of Ponce de Leon Avenue and 735 feet on the East side of Clifton Avenue or Road. The two streets or avenues are public streets and highways of the city, and the tract of land is within the city limits. H. L. Collier, as chief of construction of the city is charged with the duty of carrying out its resolutions and ordinances authorizing

the paving and repaving of its public streets and highways. The City of Atlanta, through its legislative body, the mayor and general council, on May 15, 1922, passed an ordinance, which was approved May 18, 1922, authorizing that Clifton Road or Avenue be paved and repaved. A copy of the ordinance was attached to the petition. The ordinance was passed under authority of and in accordance with an act of the General Assembly of Georgia, approved August 19, 1919 (Acts 1919, p. 821). As directed by the ordinance the chief of construction, H. L. Collier, is preparing to commence with the paving and repaving of Clifton Road or Avenue, and has actually begun the preparatory work of such paving. The ordinance had been passed by the mayor and general council before plaintiff had any notice of the same, and he had no opportunity to object to its passage. If the street is paved, the City of Atlanta will assess against plaintiff and said tract of land approximately $4,285.05 as a part of the cost of such paving and repaving, and will call upon plaintiff to pay this sum, and under the ordinance and act of 1919 this assessment will, upon the completion of the work, become a cloud on petitioner's title to said tract of land. The paving and repaving cannot be legally done under the act of 1919, and under the ordinance of the city, because the act of 1919 and the ordinance are illegal and void for the following reasons:

(a) The act of 1919 is illegal, void, and unconstitutional, because it is in conflict with paragraph 1 of section 4 of article 1 of the constitution of the State of Georgia (Civil Code of 1910, § 6391), in that the act is a special law enacted in a case for which provision has been made by an existing general law, viz., section 870 of the Civil Code of Georgia of 1910, and the act attempts to vary the provisions of section 870 and attempts to authorize the mayor and general council of the City of Atlanta to repave any street in the city whenever in their judgment and discretion the same may be necessary for any reason, while section 870 of the Civil Code provides that the same may be done when in the judgment of the city council the pavement is worn out and no longer serviceable. The foregoing section also provides only that the repaving may be done upon the same terms and conditions as to assessment of property as were in force when the pavement was originally laid.

(b) The act of 1919, supra, is illegal, void, and unconstitutional,

because it is in conflict with paragraph 8 of section 7 of article 3 of the constitution of the State of Georgia (Civil Code of 1910, § 6437), in that the act refers to more than one subject-matter and contains matter different from what is expressed in the title thereof.

(*c*) The act of 1919 is illegal, void, and unconstitutional, because it is in conflict with paragraph 17 of section 7 of article 3 of the constitution of the State of Georgia (Civil Code of 1910, § 6445), in that the act attempts to amend and repeal § 870 of the Civil Code of 1910, without distinctly describing the law to be amended or repealed as well as the alteration to be made.

(*d*) The act of 1919 is illegal and unjust, in that it attempts to make the owners of abutting property liable for the total cost of such repaving or paving without giving them the exclusive control over such pavement and street; and in that while the City of Atlanta and the general public are benefited by such pavement, no provision is made by which the City of Atlanta or the general public is required to pay for such improvement in proportion to the benefit derived therefrom, and therefore the act is discriminatory.

(*e*) The act of 1919 is illegal, void, and unconstitutional, because it deprives the owner of property abutting on a paved street in the City of Atlanta of due process of law, and is in conflict with and in violation of paragraph 3 of section 1 of article 1 of the constitution of the State of Georgia (Civil Code of 1910, § 6359), and is in conflict and in violation of section 1 of the 14th amendment of the constitution of the United States (Civil Code of 1910, § 6700), in that the act provides no method by which the owner of property abutting on a paved street in the City of Atlanta may in law or in equity contest the amount and legality of an assessment against such property owner, made by an ordinance of the City of Atlanta as provided in the act, to meet the total cost of paving such street; and in that the act deprives such owner of his right to a judicial investigation by due process of law as to the amount and legality of such assessment, and substitutes therefor, as an absolute finality, the action of the mayor and general council of the City of Atlanta in fixing the assessment, and said mayor and general council are not clothed with judicial functions and do not possess the machinery of a court of justice.

(*f*) The act of 1919 is unconstitutional and void both as against the State and Federal constitutions, which provide due process of

law, in that the act provides for the assessment of private property abutting on a paved street in the City of Atlanta according to its frontage, to meet the total cost of paving such street, without regard to the special benefits, if any, accruing by reason of such paving to the particular property; and in that such abutting property is required, under the act, to bear the total cost of such public improvement according to its frontage in the event such cost is equal to or exceeds the value or actual market value of such abutting property.

(g) The act of 1919 is illegal, void, and unconstitutional, because it provides for the taking of private property for public purposes without just and adequate compensation being first paid, and is therefore in conflict with paragraph 1 of section 3 of article 1 of the constitution of the State of Georgia (Civil Code of 1910, § 6388), in that the act provides for the assessment of private property abutting on a paved street in the City of Atlanta according to its frontage, to meet the total cost of paving such street, without regard to the special benefits, if any, accruing by reason of such public improvement to the particular property; and in that such abutting property is required, under the act, to bear the total cost of such public improvement according to its frontage, even in the event such cost is equal to or exceeds the value, or actual market value, of such abutting property.

Plaintiff alleges that he has no adequate remedy at law, and that he will suffer irreparable injury unless the relief prayed for in this petition is granted. Wherefore plaintiff prays that the State's writ of injunction, directed to the defendants and each of them, be granted restraining and enjoining them from further proceeding with the paving of Clifton Road or Avenue until a hearing on this petition can be had, and that upon final hearing the injunction be made permanent for the reasons herein stated. There is also a prayer for process and general relief.

The defendants filed an answer admitting some of the allegations of the petition, denying others; and for lack of sufficient information defendants aver that they can neither admit nor deny the allegations of paragraph 9, as to the amount of the assessment. They deny that the same became a cloud on the title, but aver that it became a lien on the property. Clifton Avenue was an open roadway between the points named in the petition, without pave-

ment of any kind. The present pavement will be the original pavement; and the City of Atlanta has not undertaken to repave the avenue, because it has never before been paved. Therefore defendants say that the attacks made on the ordinance under subsections (a) and (c) of paragraph 10 of plaintiff's petition are not applicable. The property owners on Clifton Avenue filed a petition in writing to the mayor and general council, to have the same paved with some general character of smooth pavement. Upon the filing of the petition the chief of construction had a calculation made as to the sufficiency of the frontage on Clifton Avenue and what would amount to a majority therefor, as well as calculations of the probable cost of the paving. As provided in the ordinance notice was published that the ordinance had been introduced for the pavement of the street, the general character of the pavement, the probable cost, putting the property owners on notice that the proposed ordinance would come up at a stated meeting of the general council. This notice was published ten days prior thereto. At a meeting of the council no one appeared in opposition to the ordinance, although the charter amendment provided that they should be given opportunity at such time to make any objection at the time. There being no objection to the application of the majority of the owners of the frontage on said avenue, the ordinance was passed. No legal proceedings of any kind were taken within fifteen days; and the defendants aver that this ordinance under the charter became final, and that the plaintiff was concluded thereby. The charter amendment provides that it is cumulative, and that all acts and parts of acts now in force in the city shall continue in force; and the act in question was merely additional or supplementary thereto. Under existing laws the plaintiff has a right to file an affidavit of illegality to any execution based on the assessment, denying any part or the whole of the execution issued. Full opportunity was afforded for him to contest the ordinance before it was passed, and he can not claim that it was passed without notice, because notice was published in the manner required by law; and therefore, whether or not he availed himself to this opportunity, he still has the opportunity to contest the whole or part of the assessment, and his rights have been and are fully preserved.

Plaintiff amended his petition by alleging that, since the filing of his petition and the passing of the order modifying the tempo-

rary restraining order, the defendants have completed the paving of Clifton Road or Avenue and have assessed the property abutting thereon with the exception of plaintiff's property, and that plaintiff's proportionate part of the cost of the paving is $4,087.65; and this allegation was admitted in defendant's amended answer. Plaintiff also amended by alleging that the act of 1919 is illegal, void, and unconstitutional, because at the time the act was passed by the General Assembly and approved, it was in conflict with and in violation of paragraph 1 of section 7 of article 7 of the constitution of the State of Georgia (Civil Code of 1910, § 6563), in that the act provides for the incurring of a new debt by the City of Atlanta without the assent of two thirds of the qualified voters of the city at an election called for that purpose. The defendants denied this allegation.

The plaintiff further amended by alleging that he holds his property under and subject to the following restrictions, which are covenants running with the land, placed thereon by Druid Hills Land Co., one of plaintiff's predecessors in title, which restrictions are binding and in force until January 1, 1950, to wit: 1. The land shall not be used otherwise than for residence purposes, and shall not be used for a sanatorium, hospital, or infirmary, and no apartment house shall be erected thereon. 2. No residence shall be erected upon the land to cost less than $7,500. 3. The main wall of the residence erected on the land shall be set back a distance of at least 100 feet from Ponce de Leon Avenue South, but the porches and terraces may extend not exceeding 20 feet, and bay windows and cornices not exceeding 5 feet from the wall. No portion of the residence shall be less than 20 feet from the side and rear lines of the lot, and no portion of any building other than the residence less than 10 feet from the side and rear lines of the lot. No gutter or conductor pipe shall be connected with the sanitary sewer pipes, but all pipes conveying rain water shall be connected with the storm water drainage system. 4. The lot shall not be subdivided and sold or leased in parcels, and not more than one residence shall be erected thereon. 5. No placards or advertising signs, other than such as relate to the sale and leasing of said lot, shall be erected or maintained on said lot or any building thereon. 6. No privy shall be built or used on said lot. Said lot is sold with the foregoing restrictions, which are conditions of the

sale fixed to and running with the land; and for a violation of the terms thereof, or any of them, by the vendee or any person holding or claiming by, under, or through him, the right is expressly reserved to the Druid Hills Land Co. and its successors and assigns, or the owner of any lot in said subdivision, to proceed by law or in equity to compel a compliance with the terms hereof.

Plaintiff alleges that by reason of said restrictions he can not subdivide or sell any part of said property, nor can he build any house or houses thereon facing Clifton Avenue; that he purchased the lot as a site on which to build a dwelling for himself and family, and at the time he purchased the property Clifton Avenue was only a narrow alleyway approximately 10 feet wide; that the paving of Clifton Avenue and opening it up as a thoroughfare has not only not benefited plaintiff's property, but has practically destroyed its value as a home site. The property is assessed by the tax-assessors of the City of Atlanta for taxes for the year 1922, at a valuation of $4,300, and has been assessed at that valuation for several years prior to 1922; and the actual market value of the lot does not exceed $6,143. The City of Atlanta has caused curbing to be laid along Clifton Avenue, and has assessed plaintiff's property in the sum of $343.10 as a part of the cost of the curbing, for which sum plaintiff has obligated himself to pay by giving his promissory notes to the City of Atlanta. This assessment for curbing, added to his proportionate part of the cost of paving Clifton Road, would make a total assessment of $4,430.75 against the property for improving the road or avenue, which sum exceeds the assessed value of said property by the sum of $130.75, and is over half of the actual market value of said property. Wherefore he alleged that the assessment against him and his property amounts to a confiscation of the property, and that the property has not been benefited in such a way as to furnish a legal or equitable basis for the levy or collection of the assessment. He prays that the defendants be permanently enjoined from levying or collecting any assessment against his property for the paving of Clifton Road or Avenue.

The defendants denied the material allegations in the amended petition, averred that by reason of the pavement of Clifton Avenue the property of the plaintiff has been largely increased in value, because this improved street has been given a smooth pavement,

and access thereto from Ponce de Leon Avenue has been made easy, and it necessarily increases the value of all property thereon.

On the hearing of the application for temporary injunction the trial court ordered that the application be denied, and that the restraining order theretofore issued be revoked. To this order the plaintiff excepted.

*Davis & Grant,* for plaintiff.

*J. L. Mayson* and *J. M. Wood,* for defendants.