## TILLMAN et al. v. CITY OF VALDOSTA.

Under the pleadings and evidence in the case, the court did not err, after granting the injunction against the defendant municipality and its authorities, restraining and enjoining them from using the city's sinking-fund for the purchase of certain bonds, in refusing to grant the injunction against the other acts alleged in the petition.

No. 4426.   OCTOBER 15, 1924.

Petition for injunction. Before Judge W. E. Thomas. Lowndes superior court. May 13, 1924.

H. F. Tillman and other residents and property-owners of the City of Valdosta brought their equitable petition against the city, seeking to restrain and enjoin it and its officers from the commission of certain acts in their petition complained of. The case stated by the petition as amended is, in substance, as follows: The Mayor and Council of the City of Valdosta, purporting to act under the provisions of an act of the General Assembly of Georgia, approved August 6, 1921 (Ga. Laws 1921, p. 1106), determined by resolution to pave certain streets and alleys in the city. The preliminary steps were taken in the several paving projects, and on the 18th day of July, 1922, a resolution was passed by the mayor and council assessing the owners of property abutting on the said several streets with the cost of said paving. In so far as is related to Park Avenue in said city, where a majority of the complainants own property, the assessments were as follows: W. C. McKey, 154-1/2 feet, $820.39; E. L. Ivey, 154-1/2 feet, $820.39; H. F. Tillman, 309 feet, $1640.79; J. C. G. Brooks, 154-1/2 feet, $820.39; E. E. Quinker, 164-1/2 feet, $873.49; and W. F. Etheridge, 150 feet, $796.50. It is further shown that Park Avenue, as thus proposed to be paved, is located approximately two miles from the court-house in the city, and extends from Oak Street on the west to Patterson Street on the east, and that the portion thereof to be paved is only a short segment of said Park Avenue. Neither Patterson Street at the point of intersection with Park Avenue nor Oak Street at the point of intersection with Park Avenue is paved; and all of the lots particularly referred to, except the lots of W. F. Etheridge and E. E. Quinker, are vacant lots. All of the lots referred to are particularly described, and the market value of said lots before said pavement is laid is set out. The amount of the assessment charged to each of the lots is like-

wise set out, and it is alleged by the plaintiffs that the lots particularly referred to as belonging to them, as well as all other lots on Park Avenue, would not be enhanced in value by reason of the pavement more than twenty-five per cent. .of the cost assessed against said lots, respectively. To be exact, it is alleged that the market value of the McKey lot before the proposed improvement is made is $2,500, and that the market value of said lot would not be increased in any sum by reason of the pavement proposed to be laid, notwithstanding the fact that the assessment levied against the same is $820.39. It is also alleged that the reasonable market value of the Ivey lot before the proposed pavement is laid is $1,300.00, and that the market value of said lot would not be increased by reason of said proposed pavement in excess of $350.00. Substantially, the same allegations are made with reference to the H. F. Tillman lots; and with reference to all of the lots particular facts are alleged, tending to show that the several assessments levied against the lots ,are in excess of the benefit which will be received by reason of the said proposed pavement. In the case of the McKey lot, according to the allegations of the petition, the cost of the improvements will be $820.39 in excess of the benefit received, amounting to practically one third of the value of the property. In the case of the Ivey and Tillman vacant lots, it is shown that the cost of the proposed improvement will be approximately $475 per lot of 154-1/2 feet in excess of the benefit received, or practically one fourth of the value of said lots. As to the improved lots, .it is shown that the cost of said improvement will be approximately $475 in excess of the benefit received, and in each case this sum will be a large portion of the actual market value of the property assessed. In general, it is alleged that the property on Park Avenue and the other streets to be improved, taken as a whole, will not be enhanced in value by reason of the proposed improvement in excess of twenty-five per cent. of the cost thereof.

It is further shown that the mayor and council, purporting to follow the terms of the act of 1921, above referred to, have caused street-improvement bonds to be issued in an aggregate sum covering the assessment levied against the property abutting on Park Avenue, Webster, and South Toombs Streets, amounting to the total sum of $41,250.00. The mayor and council were unable to dispose of the said bonds in the open market, and, having failed

to find a purchaser prior to the filing of this suit, determined to have and cause the City of Valdosta to purchase the street-improvement bonds itself with funds heretofore levied and collected from its ad valorem taxes from year to year and set aside as the city's sinking-fund, with which to pay off and discharge the valid municipal bonds heretofore issued by the city under provision of the constitution of the State. It is alleged in the petition, that the proposed action of the mayor and council is illegal and detrimental to the interest of petitioners as citizens of the city, in that the sinking-fund of said city could not legally be used for the purchase of such obligation as the street-improvement bonds; and in this connection the validity of the assessment levied by the city is challenged as being illegal and void, and the street-improvement bonds issued pursuant thereto are likewise challenged as being illegal and void, in that the assessments are largely in excess of the benefit to be received and that the enforcement thereof would amount to a confiscation of the property of the said several property-owners, in violation of the 14th amendment to the constitution of the United States, as well as in violation of article 1, section 1, paragraphs 2 and 3, of the constitution of this State. It is further charged that the act in question is in contravention of the constitutional provisions just cited, in that the act contemplates, provides for, and authorizes an assessment for the entire cost of improvements proposed to be made, with expenses incident thereto, to be levied or imposed against the property abutting on the street to be improved on the basis of lineal front feet, and without reference to special benefits to said property on account of said improvements. Also, that the act, as applied in the particular instances complained of, is unenforceable and void, by reason of the fact that the cost assessed is largely in excess of the benefit to be received by the property owners; that all proceedings had under the provisions of said act are null and void; and that the assessment made by the city and the bonds issued pursuant thereto should be cancelled and set aside as a cloud upon the title of the complaining parties. The plaintiffs pray that the city and its officers be restrained and enjoined from purchasing the street-improvement bonds and applying the sinking-fund in payment thereof, and that the city and its officers be further restrained and enjoined from selling or attempting to sell said street im-

provement bonds to any other person or persons, and that said assessments and the said bonds be cancelled, set aside, and held void.

At the interlocutory hearing the plaintiffs introduced evidence tending to establish the allegations of fact set out in the petition as amended. The defendant introduced evidence tending to show that the improvements proposed by the municipal authorities, against the making of which the injunction is sought, would enhance the value of the improved and unimproved lots abutting on the streets named more than twenty-five per cent. of the amount assessed for the improvement. Defendant also introduced in evidence copies of the various resolutions in regard to the improvements; also evidence to show that the city did not then intend to use the sinking-fund or any part thereof for the purchase of the street-improvement bonds. In certain of the affidavits introduced by the defendant the affiants state that the enhancement would be far more than twenty-five per cent. of the amount of the assessment for the improvement. After consideration of the case the court granted an order and judgment as follows: "(1) That defendant, its officers, agents, and employees be and they are hereby restrained and enjoined from further proceeding with the diversion of the sinking-fund belonging to the City of Valdosta by the purchase with said sinking-fund of said Valdosta street-improvement bonds, and the said City of Valdosta, its officers, agents, and employees be and they are further restrained and enjoined from applying the sinking-fund of said city, or any part thereof, to the payment of the contract for work done or to be done and material furnished or to be furnished in the paving of the several streets mentioned in said petition. (2) As to the prayer of plaintiffs' petition that the said city, its officers, agents, and employees be restrained and enjoined from the sale of said street-improvement bonds to any other person or persons, upon the ground that said bonds are illegal and void for the reasons in said petition set forth, the court is of the opinion that the said plaintiffs, by their petition and the evidence submitted in support thereof, do not make out a legal cause of action, and as a matter of law plaintiffs are not entitled to the relief sought and prayed for; and their prayer for restraining order with respect thereto is accordingly refused and denied as a matter of law, and not in

the exercise of discretion; and the restraining order heretofore granted, in so far as it applies to this particular phase of the case, is dissolved."

To the grant of this order the plaintiffs excepted. For grounds of exception they said, in substance: (a) That the facts pleaded in plaintiffs' petition and established by evidence submitted by them show that the assessments levied by the defendant are illegal and void, and that the bonds issued upon the assessments are likewise illegal and void, in that the assessments are excessive and confiscatory, being in substantial excess of the benefits received by the several property-owners, and the collection of the same would violate the due-process clause of the Federal constitution and the clause of that constitution guaranteeing equal protection of the law. (b) The bonds are void, because the assessments are excessive and confiscatory, and the collection of the assessments, if permitted, would amount to a confiscation of the property of the plaintiffs, in violation of the provision in the State constitution providing that protection of person and property shall be impartial and complete, and also in violation of the due-process clause of the State constitution. (c) That the act of the legislature in question, under the provisions of which the Mayor and Council of the City of Valdosta are acting in the levy of the assessments complained of, is in violation of the due-process clause of the Federal constitution as well as of article 1, section 1, paragraph 2, of the constitution of the State of Georgia, and article 1, section 1, paragraph 3, of the constitution of said State, in that said act contemplates, provides for, and authorizes an assessment for the entire cost of the improvements proposed, with expenses incident thereto, to be levied or imposed against the property abutting on the streets proposed to be improved on the basis of lineal front feet, and without reference to special benefits to said property or to the owners thereof on account of or by reason of said improvements. (d) Because, under the law, they are entitled to the injunction prayed.

*Patterson & Copeland* and *Whitaker & Dukes,* for plaintiffs.

*George E. Simpson* and *E. K. Wilcox,* for defendant.

BECK, P. J. (After stating the foregoing facts.) The first paragraph of the order and judgment passed by the court, wherein the court granted an injunction against the defendants, restrain-

ing and enjoining them "from further proceeding with the diversion of the sinking-fund belonging to the City of Valdosta by the purchase with said sinking-fund of said Valdosta street-improvement bonds," eliminates from this case the question made by the petition and answer as to the city's right and authority to so use the fund just referred to. Aside from this question, the other questions in the case have been decided by other decisions of this court, and most of them have been decided several times. The questions raised in this petition are not novel, and the discussions in the cases decided controlling upon the questions in this case render further discussion unnecessary. The cases to which we particularly refer are those of *City of Valdosta* v. *Harris,* 156 *Ga.* 490 (119 S. E. 625) ; *Walthour* v. *City of Atlanta,* 157 *Ga.* 24 (120 S. E. 613) ; *Norman* v. *City of Moultrie,* 157 *Ga.* 388 (121 S. E. 391) ; *Horkan* v. *City of Moultrie,* 154 *Ga.* 444 (114 S. E. 888). *Judgment affirmed. All the Justices concur.*