CORNWELL *v.* ATLANTA TRUST COMPANY, trustee, *et al.*

No. 9442. JULY 11, 1933.

*Roy S. Drennan,* for plaintiff.  *John P. Stewart,* for defendants.

HILL, J.  G. H. Cornwell brought a petition against Atlanta Trust Company as trustee, and others, for injunction, cancellation of a deed and certain notes, removal of cloud on title, and general relief. The Trust Company was proceeding to advertise for sale certain land described in the trust deed given by the plaintiff to secure a debt evidenced by the notes. The case was submitted to the judge without a jury, upon an agreed statement of facts. The sole question for decision is whether the trust deed and the notes were void as being usurious. The record shows that the plaintiff borrowed $4000 from the Mortgage Security Corporation of America,

the loan being secured by a deed of trust executed on December 1, 1924, by the plaintiff to the Atlanta Trust Company and the Union Trust Company of Maryland, as trustees. According to the terms of the deed and notes the plaintiff was to repay the loan over a period of ten years, by paying to the trustees $52 per month. The deed of trust described the principal notes executed by plaintiff, called first-series notes, and these notes had attached to them interest coupons payable semiannually, and representing interest on the principal notes at six per cent. per annum. These principal notes were five for $100 each, and seven for $500 each, due at certain stated times and representing the $4000 principal of the loan. A second series of notes was executed by the plaintiff, totaling $617. According to the terms of the trust deed and the notes, the plaintiff agreed to pay $52 per month to the trustee, and these were the only payments that he was to make. He performed his part of the contract for about six years, making the monthly payments of $52. The interest on the debt was figured in advance and added to the principal and divided into payments each month of $52, so as to retire the entire indebtedness at the end of ten years, the rate of interest being six per cent. It is claimed by the plaintiff that this amounted to more than the lawful rate of interest, eight per cent., and that thereby the defendant forfeited the right to collect any interest.

The judge, under the facts substantially as set out above, held that the contract was not usurious, and refused an injunction. The plaintiff excepted.

The sole question at issue is whether the contract is tainted with usury. The principal debt of $4000 was to draw interest at the rate of 6 per cent. For convenience of the debtor the entire debt was made payable at the rate of $52 per month, after the interest was calculated for the entire period of ten years and added to the principal. Thus all of the interest coupons attached to the principal notes totaling $4000 amounted to $1623. To this was added the amount of the second series of notes totaling $617, thus making total interest notes of $2240. While, under the terms of the contract, the plaintiff was to pay only $52 per month, this monthly sum was apportioned to the various notes, and to retire the whole debt at the end of the ten years. While the debt is divided into several parts, viz., the principal debt of $4000 represented by sev-

eral notes, as stated above, the two series of interest coupons, and at first blush appears to be somewhat confused, yet, when measured by the amount of money the plaintiff is bound to pay under the contract, it is comparatively simple of solution. Figuring interest on the principal amount of the loan of $4000 for the term of the loan, ten years, at six per cent., gives $2400; or the plaintiff under his contract actually pays $160 less than six per cent. interest figured for the term of the loan. It will be seen that the two series of interest notes totaled $2240. In other words, the total amount chargeable to the plaintiff as interest, $2400, added to the principal of the debt, $4000, would total $6400, which divided into 120 monthly payments (ten years), would have made the payments $53.33 per month, more than the amount actually charged. While there are a number of provisions in the trust deed with reference to the application of the payments of $52 per month, to be made by the plaintiff, to the various notes representing the principal and interest, these provisions are not material here, and are not set out.

The act of 1912 (Park's Code, § 3442(a)) provides: "Any persons, natural or artificial in this State, lending money to be paid back in monthly installments may charge interest thereon at six per cent. per annum or less, for the entire period of the loan, aggregating the principal and interest for the entire period of the loan, and dividing the same into monthly installments, and may take security therefor by mortgage with waiver of exemption, or title, or both, upon and to real estate or personal property or both, and the same shall be valid for the amount of the principal and interest charged, and such contracts shall not be held usurious." In *Green* v. *Equitable Mortgage Co.,* 107 *Ga.* 536 (33 S. E. 869), it was held that "A written contract for the payment by the borrower to the lender of a gross sum of money, including principal, interest, and commissions, is not in law usurious if the total amount to be paid does not exceed the sum which would result from adding to the principal actually received by the borrower interest at eight per cent. per annum for the period of the loan." It is contended by the plaintiff that the section cited supra was repealed by implication by the act of 1916 (Ga. L. 1916, p. 48, Park's Code Supp. 1922, § 3438), which provides that any person violating the provisions of section 3436, defining usury, shall forfeit all interest.

The act of 1916 (Ga. L. 1916, p. 48) is "An act to repeal sec-

tions 3438 and 3442 of the Code of 1910, regulating the forfeiture where usury is charged; and to provide forfeiture where any person, company, or corporation shall reserve, charge, or take for any loan or advance in money more than the legal rate; and for other purposes." Section 1 of that act provides that "section 3438 of the Code of 1910, which reads as follows: 'Any person, company, or corporation violating the provisions of section 3436 shall forfeit the *excess* [italics ours] of interest so charged, or taken, or contracted to be reserved, charged, or taken,' and section 3442 of the same Code, which reads as follows: 'All titles to property made as a part of an usurious contract, or to evade the laws against usury, are void,' be and are hereby repealed; and in lieu thereof the following enacted: 'Any person, company, or corporation violating the provisions of section 3436 of the Code of 1910, *shall forfeit the entire interest so charged or taken* [italics ours], or contracted to be reserved, charged, or taken.'" Section 2 declares "That no further penalty or forfeiture shall be occasioned, suffered, or allowed further than as stipulated in section 1 hereof (the entire interest.)" Thus it will be seen that the act of 1916 merely purports to change the penalty for a violation of the usury laws of the State, and expressly fixes the penalty for a violation of the "provisions of section 3436 the Code of 1910." It can not be said, therefore, that the act of 1916 *repeals* the section first cited above, either expressly or by implication. Repeals by implication are not favored. In order for a law to be repealed by implication, the existing act must be wholly irreconcilable with the latter in order to work a repeal of the former. *Griggs* v. *Macon*, 154 *Ga.* 519, 527 (114 S. E. 899); *Moore* v. *State*, 150 *Ga.* 679 (104 S. E. 907).

The court did not err in rendering judgment in favor of the defendants. *Judgment affirmed. All the Justices concur.*