CRISP *v.* HEAD, revenue commissioner.

No. 12457. SEPTEMBER 27, 1938. REHEARING DENIED OCTOBER 15, 1938.

*Kennedy, Campbell & Therrell* and *Scott Hogg*, for plaintiff.

*M. J. Yeomans, attorney-general, O. H. Dukes,* and *B. B. Zellars,* for defendant.

BELL, Justice. W. G. Crisp, a citizen and taxpayer of this State, residing in Fulton County, filed a suit against T. Grady Head as State revenue commissioner, seeking the writ of mandmaus to require the defendant to collect from dealers in malt beverages, one dealer being specifically mentioned, an excise tax in accordance with the act of December 13, 1937 (Ga. L., Ex. Sess., 1937-1938, p. 173), instead of making such collection in accordance with a later act approved on February 16, 1938 (Ga. L., Ex. Sess., 1937-1938, p. 175), under which the tax was decreased, but which later act the plaintiff alleged to be unconstitutional for reasons stated in his petition. The court sustained a general demurrer and dismissed the action, and the plaintiff excepted. In order that the contentions of the plaintiff may be brought clearly into light, it is necessary to refer somewhat at length to the statutes relating to the tax on malt beverages. By the act of March 23, 1935 (Ga. L. 1935, p. 73), there was levied and "imposed upon the business of selling malt beverages an excise tax in the sum of one dollar and twenty-five cents ($1.25) for every container sold as hereinafter specified, containing not more than thirty-one (31) gallons, and at a like rate for other quantities or fractional parts." Sec. 5. Occupation taxes were also levied. This act was amended on March 30, 1937 (Ga. L. 1937, p. 148), by changing the tax of $1.25 on each container of not more than 31 gallons to a tax of $2.50 on such container. By the act of December 13, 1937, the tax on such container was increased to $4.50, but this act also provided that where the beverage is sold in bottles, cans, or other containers, and not in or from a barrel or bulk container, "there is hereby imposed upon the business of selling malt beverages an excise tax in the amount of two cents (2c) for each twelve (12) ounces or fractional part thereof." The act of February 16, 1938, provided that "the tax-paid crowns or lid crowns required by law to be attached or affixed to bottles or cans containing malt beverages shall be at the rate of two (2c) cents for each can or bottle containing twelve (12) fluid ounces or proportionally there-

of, so as to graduate the tax on bottles or cans of various sizes." Sec. 2. It will be noticed that the change is from a tax of two cents for each twelve ounces or *fractional* part thereof to a tax in the same amount on each can or bottle containing twelve ounces or "proportionally thereof," so as to graduate the tax according to the size of the bottle or can. As will be readily observed, this difference would reduce the amount of the tax on quantities less than twelve ounces. The plaintiff contends that the act which purported to levy the lesser tax is unconstitutional for several reasons, and that it is the duty of the commissioner to collect the tax at the rate of two cents on each twelve ounces or fractional part thereof according to the previous statute. The portions of the act of February 16 necessary to be considered, being all of it except the repealing clause, are as follows:

: "An act to amend general tax act, paragraph ten (10) thereof (Georgia Laws 1935, pages fifteen (15) and sixteen (16)), so as to provide for a tax on auctioneers for the sale of certain products and commodities; to provide that the tax-paid crowns or lid crowns required by law to be attached or affixed to bottles or cans containing malt beverages shall be at the rate of two (2c) cents for each can or bottle containing twelve (12) fluid ounces or proportionally thereof, so as to graduate the tax on bottles or cans of various sizes; and for other purposes.

"Section 1. Be it enacted by the General Assembly of the State of Georgia, and it is hereby enacted by the authority of the same, that from and after the passage of this act, paragraph ten (10) of the general tax act of 1935 (Georgia Laws 1935, pages fifteen (15) and sixteen (16)), be and the said paragraph is hereby stricken in its entirety, and in lieu thereof a new paragraph number ten (10) to read as follows:

"'Paragraph 10. Auctioneers. Upon each and every auctioneer selling by auction in this State jewelry, junk, furniture, and household goods, live stock, except as hereinafter provided, farm implements and produce, and real estate, ten ($10.00) dollars for each day's sale in county in which he conducts said sale. Provided, however, that this section shall not apply to sheriffs and attorneys at law conducting sales under power of sale or other legal sale for their clients, and commissioners conducting sales by virtue of the order of any court of this State, nor to auctioneers of tobacco or

other farm products, nor to auctioneers of live stock at regular stationary markets at which only live stock are sold for or to farmers.'

"Section 2. Be it further enacted by the authority aforesaid, that the tax-paid crowns or lid crowns required by law to be attached or affixed to bottles or cans containing malt beverages shall be at the rate of two (2c) cents for each can or bottle containing twelve (12) fluid ounces or proportionately thereof, so as to graduate the tax on bottles or cans of various sizes, and that the caption of the bill be amended so as to correspond with section 2 of this act."

The attacks upon this statute will now be considered.

■ It is alleged that the act of February 16, 1938, is invalid, because it "refers to more than one subject-matter," in violation of paragraph 8 of section 7 of article 3 of the constitution of this State. Code, § 2-1808. The contention is that this statute sought to amend the general tax act (1) by changing the law as to taxation upon auctioneers and (2) by altering the law as to the tax on malt beverages. It is insisted that the general tax act is one subject-matter, and that the laws in regard to the business of selling malt beverages and the taxation of such business constitute a different subject-matter. It is pointed out that the laws in regard to malt beverages are separate and distinct statutes from the general tax act, that they are administered by different officers, and that the revenues derived from taxation thereunder is devoted to different purposes. Notwithstanding these differences, we can not agree that the challenged statute refers to different subject-matters as contended by the plaintiff. The main subject of the act is taxation, and it is not unconstitutional as referring to more than one subject-matter merely because the previous statutes levying a tax on malt beverages may differ from the general tax act in the particulars stated. These differences do not constitute two different subject-matters, within the meaning of the constitution. See *Richardson* v. *Johnson Furniture Co.*, 176 *Ga.* 28 (166 S. E. 662). In *Clay* v. *Central Railroad & Banking Co.*, 84 *Ga.* 345 (10 S. E. 967), it was held in effect, that, although an amending statute may have different objects and purposes from those of the original, such differences do not render the act obnoxious to that provision of the constitution prohibiting the passage of any law which refers to more than one subject-matter. Such differences are mere "in-

cidents" and do not constitute the main or controlling purpose and subject-matter. *Stanley* v. *State,* 135 *Ga.* 859 (2), 864 (70 S. E. 591).

■ The plaintiff further alleged that the act of February 16, 1938, is invalid in that it contravenes the provisions of paragraph 17 of the same section and article of the constitution, declaring that no law shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made. Code, § 2-1817. The contention is that the statute under attack does not describe (1) either the law to be amended, or (2) the alteration to be made. It is not insisted that the general tax act was not sufficiently described in the amending statute; but the contention is that there was no adequate description of the malt-beverage acts, or of the alteration to be made therein. There is no merit in this contention. So far as the act of February 16, 1938, purports to impose a tax upon the business of selling malt beverages, it does not profess to change or repeal any particular law or statute upon the subject. It does provide that, "the caption of the bill be amended so as to correspond with section 2 of this act," but the amendment of a caption is not an amendment of a law, and this indefinite reference to the caption of some "bill" does not constitute an attempt at express amendment or repeal. "The title of an act and the preamble are, strictly speaking, no parts of it." *Eastman* v. *McAlpin,* 1 *Ga.* 157; *Johnson* v. *Reese,* 31 *Ga.* 601, 605. While section 2 also implies that "tax-paid crowns or lid crowns" are required by some law, it expresses nothing as to amendment or repeal of any law, and any purpose in that direction can be deduced only as a matter of implication. It has been held several times by this court that an act which does not purport to amend or repeal any particular law or statute is not within the prohibition of the constitutional provision here under consideration. *Peed* v. *Mc-Crary,* 94 *Ga.* 487 (2) (21 S. E. 232) ; *Johnson* v. *Southern Mutual &c. Association,* 97 *Ga.* 622 (25 S. E. 358); *Swift* v. *Van Dyke,* 98 *Ga.* 725, 727 (26 S. E. 59) ; *Collins* v. *Russell,* 107 *Ga.* 423, 426 (33 S. E. 444) ; *Nolan* v. *Central Georgia Power Co.,* 134 *Ga.* 201 (67 S. E. 656) ; *Berry* v. *State,* 153 *Ga.* 169, 172 (111 S. E. 699, 35 A. L. R. 370) ; *Walthour* v. *Atlanta,* 157 *Ga.* 24 (120

S. E. 613); *Durham* v. *State,* 166 *Ga.* 561 (144 S. E. 109); *Head* v. *Wilkinson,* 186 *Ga.* 739 (198 S. E. 782).

In view of the other contentions to which reference has been made, it is insisted by the plaintiff that the act of February 16, 1938, did not either expressly or impliedly amend the malt-beverage statutes as related to taxation. We can not concur in this contention. There is an irreconcilable conflict between this statute and the previous statutes in regard to the amount of the tax, with the result that there was an amendment by implication. *Swift* v. *Van Dyke,* 98 *Ga.* 725 (2) (26 S. E. 59); *Towaliga Falls Power Co.* v. *Foster,* 143 *Ga.* 688 (3) (85 S. E. 835); *Atlantic Log & Export Co.* v. *Central of Ga. Ry. Co.,* 171 *Ga.* 175 (155 S. E. 525); *City of Atlanta* v. *Goodman,* 183 *Ga.* 834 (189 S. E. 829).

Thus far we have dealt with the plaintiff's contentions as presented in his petition and brief. We do not agree, however, that the act of February 16, 1938, even purports to amend the general tax act by the provisions in relation to "tax-paid crowns or lid crowns" to be attached or affixed to bottles or cans containing malt beverages. It seems to us that a proper construction of the act is that it seeks to amend the general tax act only as related to auctioneers, although in the same connection and independently of that statute it proceeds to impose a tax upon the business of selling malt beverages. It does not, however, refer to different subject-matters, nor is it invalid under the constitutional provision against the amendment or repeal of any law without distinctly describing the law to be amended or repealed, as well as the alteration to be made. In the brief of counsel for the defendant it is suggested that the real basis of the plaintiff's contention seems to be that the General Assembly adopted "an illogical, inconvenient, and unsatisfactory legislative procedure" in passing the act of February 16, 1938. In the same brief is contained the following statement: "It is quite true that as a legislative pattern much can be said of the desirability of keeping an express connection between all statutes dealing with the same subject-matter. However, there is no constitutional requirement to this effect. The General Assembly sometimes passes statutes in the form of an original bill, sometimes in the form of amendments to statutes previously adopted. Whether the one course or the other is to be pursued is a matter of choice on the part of the legislative authority. The parliamen-

tary situation in a deliberative body often determines the procedure in passing particular legislation. The discretion of the legislative body in this respect is not restricted by the constitution. The constitutional attacks urged by the plaintiff in error can not go home merely because the General Assembly of Georgia chose to prescribe a malt-beverage tax in an amendment to a general tax act rather than in an amendment to previously enacted malt beverage statutes." In any view of the statute here under attack, we agree to the foregoing statement so far as it applies to the constitutional provisions invoked by the plaintiff in the instant case. The petition did not show that the defendant as the State revenue commissioner is acting contrary to law in collecting the tax on malt beverages under the act of February 16, 1938 (Ga. L., Ex. Sess., 1937-1938, p. 175), instead of the act of December 13, 1937 (Ga. L., Ex. Sess., 1937-1938, p. 173). The court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*