31901. KAMINSKY *v.* THE STATE

Decided February 18, 1948.

506

*David S. Bracker, Emanuel Lewis*, for plaintiff in error.
*Andrew J. Ryan Jr., Solicitor-General*, contra.

TOWNSEND, J. (After stating the foregoing facts.) Section 58-609 of the Code, being the section upon which the accusation in the instant case is based, provides as follows: "Any person who shall give or furnish spirituous, intoxicating, or malt liquors to any person, in any quantity, within two miles of any election precinct, on days of election, either State, county, municipal, or primary elections, shall be guilty of a misdemeanor. This section does not prevent prescriptions by physicians, when made as prescribed by law."

Ground 1 of the demurrer contends that this Code section has been repealed by the act of 1938 (Ga. L. Ex. Sess., 1937-1938; Code, Ann. Supp., §§ 58-1060, 58-1079). Code (Ann. Supp.) § 58-1060, provides: "Any person who shall sell or offer for sale any spirituous liquors as herein defined on Sundays or election days shall be guilty of a misdemeanor and upon conviction shall be punished as for a misdemeanor as provided in section 27-2506." Section 58-1079 (Ann. Supp.), provides as follows: "It shall be unlawful to sell any liquor in any of the counties specified by this Chapter between the hours of 12:00 o'clock, midnight, on Saturday night, until the hour of 12:00 o'clock, midnight, on Sunday night, at any time and at any time on election days. It is the purpose and intent of this section to prevent the sale of liquor on Sunday and election days, and any violation of same shall be a misdemeanor, by the buyer and/or the seller."

Ground 2 of said demurrer contends that the Code section upon which the accusation herein is based was repealed by § 58-738, a portion of which is set forth in the statement of facts herein.

It will be noted that Chapter 58-7 of the Annotated Code and its supplement deals with malt beverages exclusively, and that Chapter 58-10 of the Annotated Supplement deals exclusively with spirituous liquors. The Supplement to the Code is referred to for convenience only, as, not having been adopted, it is no part of the official Code. However, the acts of the General Assembly referred to herein by Code Supplement sections appear to be properly codified.

Section 58-1011 (a) (Ann. Supp.), defines the meaning of the words, spirituous liquors, dealt with by the act of 1938 (Ga. L., Ex. Sess. 1937-1938, p. 103 et seq.), as follows: "The words, 'spirituous liquors' or 'distilled spirits,' mean any alcoholic beverage containing alcohol obtained by distillation, mixed with water or other substance in solution, and includes brandy, rum, whisky, gin, cordials, or other spirituous liquors by whatever name called, to include fortified wines as defined by Federal Alcohol Administration." Malt beverages are not included in the description or list of spirituous liquors and are not dealt with in this act.

Therefore it follows that, if the Code section upon which the accusation in the instant case is based has been repealed by either of the statutes as contended by the defendant, such repeal

must have been by implication, since there is no provision in either statute expressly repealing this Code section. This brings us to the question of whether or not the general repealing clause of each of said statutes, that all laws and parts of laws in conflict therewith are repealed, amounts to the repeal of § 58-609 of the Code by implication. The legislature, in passing the statute referred to in ground 1 of the demurrer, as hereinbefore pointed out, was dealing with spirituous liquors and not malt beverages. In connection with the passage of the act referred to in ground 2 of the demurrer, the General Assembly was dealing with malt beverages, but, in that part of the act contended by the defendant to be the part in conflict with § 58-609 of the Code, the good order of the Sabbath day was the subject-matter of its protection rather than that of an election day.

Although art. III, sec. VII, par. XVII of the Constitution of this State (Code, § 2-1817) provides that "No law, or section of the Code shall be amended or repealed by mere reference to its title or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed as well as the alteration to be made," yet repeal by implication is possible. See *Edalgo* v. *Southern Ry. Co.*, 129 *Ga.* 258 (58 S. E. 846); *Collins* v. *Russell*, 107 *Ga.* 423 (33 S. E. 444). However, repeal of statutes by implication is not favored. See *MacNeill* v. *Steele*, 186 *Ga.* 792 (199 S. E. 99); *Sims* v. *State*, 7 *Ga. App.* 852 (68 S. E. 493). Before an act will be held to have been repealed by implication, the conflict between it and the repealing act must be clear. See *Cornwell* v. *Atlanta Trust Co.*, 177 *Ga.* 303 (170 S. E. 194). One statute will not be construed to repeal another by implication unless the two are in irreconcilable conflict. See *Towaliga Falls Power Co.* v. *Foster*, 143 *Ga.* 688 (85 S. E. 835).

In view of these authorities, we are of the opinion and hold that § 58-609 of the Code of 1933, has not been repealed by either of the acts as contended in the demurrer of the defendant. The judgment of the trial court overruling the demurrer is, therefore, without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*